# The Coal Run Coal Company

*v.*

## Patrick Finlen.

*·Filed at Ottawa May 9, 1888.*

1. Taxation—*classifying corporations, and applying different methods for ascertaining values—whether violative of the rule of uniformity—the constitution construed.* Section 1 of article 9, of the constitution of 1870, in providing that "the General Assembly shall have power to tax peddlers, * * * and persons or corporations owning or using franchises and privileges, in such manner as it shall, from time to time, direct by general law, uniform as to the class upon which it operates," does not prohibit the legislature from providing one method for determining the value of the capital stock, including the franchise, of a railway company, another method for a mining corporation, and still another for manufacturing corporations.

2. The constitution does not prohibit the legislature from placing certain specified corporations in one class, and providing a uniform method of assessment for that class, and placing certain other specified corporations in another class, and providing a uniform manner of assessment for that class, different from that in the other class. The rule of uniformity applies to the class, and not as to all corporations alike.

3. Same—*the statute on that subject—its constitutionality.* Division 4 of section 3, of the Revenue law, providing for taxation of the capital stock of corporations, except that of banks organized under the laws of the State, and directing that companies and associations organized for purely manufacturing purposes, or for printing, or publishing of newspapers, or for the improving and breeding of stock, shall be assessed by the local assessor, in like manner as the property of individuals is required to be assessed, instead of being assessed by the State Board of Equalization, as other corporations, is not unconstitutional, or violative of the rule of uniformity required in taxation.

4. Same—*State Board of Equalization—partial assessments—whether controlled by the courts.* The fact that the capital stock of some corporations may not have been assessed by the State Board of Equalization, affords no ground of relief as to other corporations whose capital stock may have been so assessed. The legislature has empowered the State board to assess the capital stock, including the franchise, of certain corporations organized under our law, and it is no part of the duty of a court of equity to interfere with the action of that body, unless the evidence discloses fraud in making the assessment.

APPEAL from the Circuit Court of La Salle county; the Hon. DORRANCE DIBELL, Judge, presiding.

Messrs. BULL & STRAWN for the appellant:

The law in question violates the rule of uniformity required by section 1, article 9, of the constitution. Cooley's Const. Lim. 616, 617, 622, 624, 641;. Cooley on Taxation, 128, 129, (note 2,) 152, 153; *Weeks* v. *Milwaukee,* 10 Wis. 242; *Primm* v. *Belleville,* 59 Ill. 142; *O'Kane* v. *Treat,* 25 id. 561; *Jacksonville* v. *McConnel,* 12 id. 138; *Madison County* v. *People,* 58 id. 456; *Chicago* v. *Larned,* 34 id. 203; *Lin Sing* v. *Washburn,* 20 Cal. 524.

If the law violates the rule of uniformity, courts of equity will enjoin the tax. *Nunda* v. *Village of Chrystal Lake,* 79 Ill. 311.

While there may be no actual fraud intended, it is fraud, in law, to assess one corporation for more than another on the same property. If property is fraudulently valued at too high a rate, the tax may be enjoined. *Railroad Co.* v. *Hodges,* 113 Ill. 323; *Railroad Co.* v. *Cole,* 75 id. 591; *Town of Lebanon* v. *Railway Co.* 77 id. 539; *Gage* v. *Evans,* 90 id. 569; *Wilson* v. *Weber,* 96 id. 454; *Town of Lemont* v. *Stone Co.* 98 id. 94; *Chicago* v. *Burtice,* 24 id. 489.

Messrs. MALONEY & STEAD, for the appellee:

The contention that the capital stock and franchise of appellant are, or were at the time of the assessment, worthless, is not an open question in this court. It has been repeatedly decided by this court, that every franchise has, of necessity, some value. If not, why retain it? *Porter* v. *Railroad Co.* 76 Ill. 595.

This court will not interfere with the action of the State Board of Equalization, except for fraud. *Life Ins. Co.* v. *Pollak,* 75 Ill. 292; *Glass Co.* v. *McCaleb,* 81 id. 556; *Gage* v. *Evans,* 90 id. 569; *People* v. *Iron Co.* 89 id. 116; *Spencer* v. *People,* 68 id. 510; *State Railroad Tax Cases,* 2 Otto, 614.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill brought by the Coal Run Coal Company, to enjoin the county clerk of La Salle county from extending taxes upon the assessed value of the capital stock and franchise of the company, as assessed and returned by the State Board of Equalization for the year 1883.

Two questions are presented and relied upon to reverse the decree dismissing the bill: First, that division fourth of section 3 of the Revenue act, which relates to the taxation of the capital stock of companies and associations in this State, as amended in 1879, violates the rule of uniformity provided for by section 1, of article 9, of the constitution of this State; second, that the State Board of Equalization of this State, in the application of the rule adopted by them for the taxation of capital stock of corporations, have violated this rule of uniformity.

Section 1, of article 9, of the constitution, provides that "the General Assembly shall have power to tax peddlers, auctioneers, * * * and persons or corporations owning or using franchises and privileges, in such manner as it shall from time to time direct by general law, uniform as to the class upon which it operates." Division 4, of section 3, of the Revenue act, is as follows:

"*Fourth*—The capital stock of all companies and associations now or hereafter created under the laws of this State, (except those required to be assessed by the local assessors, as hereinafter provided,) shall be so valued by the State Board of Equalization as to ascertain and determine, respectively, the fair cash value of such capital stock, including the franchise, over and above the assessed value of the tangible property of such company or association. Said board shall adopt such rules and principles for ascertaining the fair cash value of such capital stock as to it may seem equitable and just; and such rules and principles, when so adopted, if not incon-

sistent with this act, shall be as binding, and of the same effect, as if contained in this act, subject, however, to such change, alteration or amendment as may be found, from time to time, to be necessary by said board: *Provided*, that in all cases where the tangible property or capital stock of any company or association is assessed under this act, the shares of capital stock of any such company or association shall not be assessed or taxed in this State. This clause shall not apply to the capital stock or shares of capital stock of banks organized under the general banking laws of this State: *Provided, further*, that companies and associations organized for purely manufacturing purposes, or for printing, or for publishing of newspapers, or for the improving and breeding of stock, shall be assessed by the local assessors, in like manner as the property of individuals is required to be assessed."

It will be observed, that under the section *supra*, the capital stock, including the franchise, of all incorporations organized for pecuniary profit, is required to be assessed by the State Board of Equalization, except corporations organized for purely manufacturing purposes, or for printing, or for the publishing of newspapers, or for the improving and breeding of stock, which are to be assessed by the local assessors, in the same manner as the property of individuals. This difference in the assessment of different corporations organized under the statute, it is said, renders the section of the statute obnoxious to that clause of the constitution which authorizes the General Assembly to tax corporations owning or using franchises, in such manner as it shall direct by general law, uniform as to the class upon which it operates. This provision of the constitution was before us in *Porter* v. *Rockford, Rock Island and St. Louis Railroad Co.* 76 Ill. 579, and in remarking upon it, we there said: "It surely can not be doubted that the requirement that the Board of Equalization shall ascertain and determine the fair cash value of the capital stock, including the franchise, of all companies and associations now or here-

after created under the laws of this State, over and above the assessed value of the tangible property of such company or association, is a general law, or that it is uniform as to the class upon which it operates. * * * It is not required, as seems to be thought by some of the counsel with whose arguments we have been favored, that the legislature shall, in providing for the taxation of corporations, under the last clause of the section referred to, designate the precise amount which the corporation shall pay, and that this shall be the same on each corporation, without regard to the value of the franchise or privileges enjoyed, nor that such taxation shall be of like character with that which may be imposed on inn-keepers, and others pursuing the particular vocations named. It is only required that they shall be taxed in such manner as the General Assembly shall, from time to time, direct by general law, and the only uniformity required is as to the class upon which such general law shall operate. It is therefore left entirely to the legislature to determine whether corporations shall be taxed only on their tangible property, on the amount of their capital paid in, on the amount of their gross receipts, or, as in the present instance, on the value of their tangible property, and on the fair cash value of their capital stock, including their franchises, over and above the assessed value of their tangible property, subject, merely, to the limitation that it shall be directed by general law, uniform as to the class upon which it operates."

Adhering to what was said in regard to the meaning of the section of the constitution under consideration, we do not regard the section of the statute involved, in conflict with the constitution. The section of the constitution undoubtedly requires the law the General Assembly may enact, to be a general law, and uniform as to the class upon which it operates; but this does not prohibit the legislature from classifying the corporations for taxation. We see nothing in the constitution which prohibits the legislature from providing one method for deter-

mining the value of the capital stock, including the franchise, of a railroad company, another method for a mining corporation, and still another for manufacturing corporations. We see no clause in the constitution which prohibits the legislature from placing certain specified corporations in one class, and providing a uniform method of assessment for that class, and placing certain other specified corporations in another class, and providing a uniform manner of assessment for that class. There is no language whatever used in the clause of the constitution, which forbids the legislature from forming a class, and after the class is formed, it is declared that the General Assembly shall have power to tax corporations owning franchises, in such manner as it shall direct. How shall it direct? By general law, uniform as to the class. What object the General Assembly may have had in placing mining corporations in one class for assessment, and corporations organized for manufacturing, printing, or for breeding of stock, in another class, it is not for us to inquire. So long as the statute does not conflict with the organic law, it will be upheld, whether wise or unwise.

As to the second branch of the case upon which relief is predicated, but little need be said. In the argument it is said, that appellant corporation ought not to have been assessed in any sum, and that other corporations escaped entirely from being assessed which ought to have been assessed, and hence the rule of uniformity was violated. The State Board of Equalization had the power to make the assessment, and the action of that body can not be reviewed by the courts except for fraud. *Spencer & Gardner* v. *The People,* 68 Ill. 510.

In *Republic Life Ins. Co.* v. *Pollak,* 75 Ill. 292, where an assessment had been made by the State Board of Equalization, as here, it was held, that in the absence of fraud or want of power the courts are powerless to give relief against an excessive assessment. The legislature has empowered the State Board of Equalization to assess the capital stock, including

the franchise, of corporations, organized under our laws, and it is no part of the duty of a court of equity to interfere with the action of that body, unless the evidence discloses fraud in making the assessment, which is not the case here.

The decree of the circuit court will be affirmed.

*Decree affirmed.*