127    27
68a 522

THE LA SALLE AND PERU HORSE AND DUMMY RAILROAD COMPANY

*v.*

TIMOTHY DONOGHUE, Collector.

*Filed at Ottawa November 15, 1888.*

1. TAXATION — *over-assessment* — *not reviewable in equity.* Where power has been conferred upon a person or board to make an assessment for taxation, and in the exercise of that power a greater value has been placed on certain property than should have been, a court of equity will have no power to review the assessment and correct an error of that character.

2. SAME—*grounds for injunction.* The action of an assessor is final, so far as the interposition of a court of equity is concerned, unless it can be shown that the assessment was fraudulently made, or that the property assessed was not liable to taxation, or the legislature, in authorizing the tax, has disregarded or transcended the principles of equality, or when a tax has been levied not authorized by law.

3. SAME—*fraudulent assessment*—*as to certain action of the State Board of Equalization.* A corporation returned its capital stock as of no value, and sent an attorney to the State Board of Equalization, who stated that the capital stock was valueless, on account of the failure of the enterprise, and offered to pay the expenses of a committee of the board in investigating the matter. The committee promised the attorney that they would notify him if they were not satisfied with his statement, which they failed to do. The board assessed the capital stock at $5000, but upon what evidence, if any, it did not appear. *Held,* that while the failure of the committee to keep their promise was wrong, this did not render the assessment fraudulent. In the absence of proof to the contrary, it will be presumed that the board, in assessing capital stock, acted upon sufficient evidence to justify its action.

APPEAL from the Circuit Court of La Salle county; the Hon. CHARLES BLANCHARD, Judge, presiding.

Messrs. BULL & STRAWN, for the appellant.

Messrs. MALONEY & STEAD, for the appellee.

Per CURIAM: This was a bill in equity, brought by the La Salle and Peru Horse and Dummy Railroad Company, against the collector of taxes of the town of LaSalle, in LaSalle

county, to enjoin the collection of a tax assessed by the State Board of Equalization on the capital stock of complainant for the year 1884. The complainant returned its capital stock as being of no value, but the State board assessed the capital stock at $5000.

It is claimed that the capital stock was of no value; but if that be true, and the State board committed an error of judgment in making the assessment, that affords no ground for relief in a court of equity. When the power has been conferred upon a person or a board to make an assessment, and in the exercise of that power a greater value has been placed on certain property than should be placed upon it, a court of equity has no power to review the action of the assessor, and correct an error of that character. The rule well established. is, that the action of the assessor is final, unless it can be shown that the assessment was fraudulently made, or that the property assessed was not liable to taxation, or the legislature has, in authorizing the tax, disregarded or transcended the principles of equality, or where a tax has been levied when not authorized by law. (*Republic Life Ins. Co.* v. *Pollak*, 75 Ill. 294.) The facts presented by this record do not, in our opinion, bring the case within any of the exceptions stated above.

As bearing upon the question of fraud, it was proven, on the hearing, that complainant sent an attorney to Springfield, while the State board was in session, who appeared before the committee on the assessment of capital stock of corporations, and stated to the committee that the object for which the enterprise had been incorporated had proven an entire failure; that the capital stock was of no value, and the debts of no value, except to the extent of the tangible property, which had already been assessed at its full market value. The attorney also stated, that if the committee was not satisfied with the statement made, he desired a committee to be sent to La Salle for the purpose of making an examination of the affairs of complainant, and an offer was made to defray the expenses of

the committee, should it go and make the examination to ascertain whether the returns complainant had made were true. The committee promised the attorney that they would notify him if they were not satisfied with his statement,—that they would notify him if they intended to make any assessment of the capital stock of the company. The attorney, after this interview, returned home, but received no communication from the committee in regard to the assessment. Doubtless, the committee of the board before whom the attorney of the company appeared, did wrong in making a promise which was not fulfilled or observed in relation to the assessment, but we do not think this rendered the assessment fraudulent. What evidence was before the committee or the board, upon which the assessment was made, does not appear from anything in this record, and in the absence of any showing whatever in this regard, we must presume that the facts before the board, upon which it acted, were ample to justify the assessment. For aught that appears, the board may have made a thorough investigation as to the value of the capital stock of complainant, and become thoroughly satisfied, from uncontradicted evidence, before the assessment was made. It would be unsafe, and might result detrimentally to the best interests of the State, to establish a rule under which the action of the State board could be impeached by proving that one of its committees had failed to keep faith with some person acting for a corporation which had to be assessed by the board.

It is also claimed that the assessment of the Board of Equalization in 1884 violated the constitutional provision of uniformity. The same question arose in *Coal Run Coal Co.* v. *Finlen*, 124 Ill. 666, and we there held that the provision of the constitution was not violated. The decision in that case must control here.

The judgment will be affirmed.

*Judgment affirmed.*