THE STERLING GAS COMPANY

*v.*

HOMER H. HIGBY, Collector.

*Filed at Ottawa October 31, 1890.*

1. TAXATION—*as to corporations—classifying corporations—rule of uniformity—constitutional limitation.* The constitution does not prohibit the legislature from placing certain specified corporations in one class, and providing a uniform method of assessment for that class, and placing certain other specified corporations in another class, and providing a uniform mode of assessment for that class, different from the first class. The rule of uniformity in the constitution applies to the class, and not to all corporations alike.

2. The fourth clause of section 3 of the Revenue act, as amended in 1879, which provides for the assessment of the capital stock and franchise of a certain class of corporations by the State Board of Equalization, and of other corporations by the local assessors, is not in conflict with section 1, article 9, of the constitution, in its requirement of uniformity.

3. SAME—*former decisions.* In this case, the rulings in *Coal Run Coal Co.* v. *Finlen,* 124 Ill. 666, and *Ottawa Gas Light and Coke Co.* v. *Downey,* 127 id. 201, are brought in review, and adhered to.

4. SAME—*capital stock and franchise — as corporate property —for purposes of taxation.* Both the capital stock of a private corporation and its franchise are corporate property, for the purposes of assessment and taxation.

5. The power to impose a tax upon the capital stock and franchise of corporations formed for pecuniary profit is not confined to the first

clause of section 1, article 9, of the constitution of 1870. The second clause is not confined to occupations, but also applies to property rights.

6. SAME—*State Board of Equalization—basis of its action in fixing valuations.* The State Board of Equalization is not concluded by the valuation placed upon the property of a corporation by its officers, nor is it essential that it should first hear evidence in fixing the taxable value of property or in changing the valuation returned by the corporation. The board may act upon its own judgment.

7. SAME—*return by corporation—presumption.* Where a bill seeking to enjoin a tax assessed on the capital stock of a corporation fails to show what return was made by the corporation in respect to its corporate indebtedness, it will be presumed that the return was such as to justify the assessment made.

8. CHANCERY PLEADING—*allegation of fraud—sufficiency.* The statement in a bill to enjoin the collection of a tax, that the action of the State Board of Equalization was fraudulent, is merely the statement of the conclusion or opinion of the pleader. It devolves on the party claiming fraud to state the facts relied on as constituting it.

9. SAME—*admission by demurrer.* Where the facts alleged in a bill do not necessarily amount to fraud, a demurrer to the bill does not admit fraud. Facts alleged for the purpose of showing fraud are to be taken most strongly against the pleader.

10. CONSTITUTION—*construction—adopting provisions of prior constitution, and the construction thereof—presumption.* It must be presumed that when the present constitution was adopted it was with full knowledge of the interpretation that had been placed by this court upon the language incorporated therein, which was taken from the prior constitution.

APPEAL from the Circuit Court of Whiteside county; the Hon. J. D. CRABTREE, Judge, presiding.

Mr. JOHN G. MANAHAN, for the appellant:

An act for taxing personal property, and not including credits, is unconstitutional, as making an unauthorized exemption. *Trustees* v. *McConnel,* 12 Ill. 138; Cooley on Taxation, chap. 6, sec. 134; Cooley's Const. Lim. 616, *et seq.*

The legislature can not exempt a portion of the State or municipality from taxation. *People* v. *Barger,* 62 Ill. 452.

Equality and uniformity are the controlling principles. *Livingston County* v. *Weider,* 64 Ill. 427.

Taxes must be uniform. *Sleight* v. *People*, 74 Ill. 47.

The omission to assess the horse railway company renders the whole levy of assessment void. *Chicago* v. *Baer*, 41 Ill. 306.

An ordinance which assessed real estate, only, for taxation, was held void, because it omitted and thereby exempted personal property. *Primm* v. *City of Belleville*, 59 Ill. 142.

A law of Texas taxing sleeping cars not owned by railroads, and exempting those owned by railroads, was held to be unconstitutional and void. *Car Co.* v. *Texas*, 64 Texas, 274; *Sprague* v. *Thompson*, 118 U. S. 80; *Allen* v. *Lawrance*, 13 Otto, 90.

In fact, section 1, of article 9, of our State constitution, lays down the requirement, that every one 'shall pay a tax in proportion to his property, and every law which in terms violates the universality and uniformity here enjoined, is necessarily unconstitutional and void.

The bill of complaint herein also distinctly charges that the Board of Equalization was informed, previous to said assessment, that the said capital stock of the complainant company had no other or further value than that of the company's tangible property then assessed, and that the said board, without any attempt to obtain further information, and without any knowledge in the premises other than that afforded by the company, and with the intent to impose said burden upon the company regardless of the true value of said alleged capital stock, fraudulently imposed the assessment complained of. This is confessed by the demurrer.

This assessment having been fraudulently made by the State Board of Equalization, from whom there is no appeal, and for whose errors and malfeasance there is no remedy save in a court of equity, will authorize the interposition of a court of equity, where, as in this case, an assessment has been made in violation of the statute, which requires such board to "ascertain," in some mode, the fair cash value of said capital stock before attempting to assess the same. *Railroad Co.* v.

*Hodges,* 113 Ill. 323; *Railroad Co.* v. *Cole,* 75 id. 591; *Lebanon* v. *Railway Co.* 77 id. 539.

Mr. Walter Stager, for the appellee:

The statute authorizing the State Board of Equalization to assess the capital stock of corporations for the purpose of taxation, is not in conflict with the constitution. *Porter* v. *Railroad Co.* 76 Ill. 561; *Railway Co.* v. *Miller,* 72 id. 144; *Life Ins. Co.* v. *Pollak,* 75 id. 292; *Glass Co.* v. *McCaleb,* 81 id. 556; *Hopkins* v. *Taylor,* 87 id. 436; *Danville Banking Co.* v. *Parks,* 88 id. 171; *Railroad Co.* v. *Siders,* id. 320; *Danville Manf. Co.* v. *Parks,* id. 463; *Railroad Co.* v. *Raymond,* 97 id. 213; *Coal Co.* v. *Finlen,* 124 id. 666.

The provisions of division 4 of section 3 of the Revenue act, as amended in 1879, (Laws of 1879, p. 251,) for assessing certain enumerated classes of corporations by the State Board of Equalization, and for assessing other enumerated classes as individuals, do not conflict with section 1, article 9, of the constitution of 1870, empowering the legislature to tax corporations by "general law, uniform as to the class upon which it operates," as the legislature is not thereby prohibited from classifying corporations for taxation. *Coal Co.* v. *Finlen,* 124 Ill. 666; *Timm* v. *Harrison,* 109 id. 593.

An omission to assess some other persons liable to taxation, or to assess a portion of the taxable property of others, does not affect the validity of a tax. *Merritt* v. *Farris,* 22 Ill. 303; *Schofield* v. *Watkins,* id. 66; *Dunham* v. *Chicago,* 55 id. 357; *Spencer* v. *People,* 68 id. 510; *People* v. *Lots in Ashley,* 122 id. 297; *Coal Co.* v. *Finlen,* 124 id. 666.

The State Board of Equalization is not bound by the valuation fixed by the officers of a corporation upon its property. *Railroad Co.* v. *Surrell,* 88 Ill. 535; *Railroad and Coal Co.* v. *Stookey,* 122 id. 358.

The courts can not examine the mode of reasoning or the basis adopted by the State Board of Equalization to ascertain

the value of property. *Life Ins. Co.* v. *Pollak,* 75 Ill. 292; *Railroad Co.* v. *Raymond,* 97 id. 212; *Exchange* v. *Gleason,* 121 id. 502.

Mr. JUSTICE BAKER delivered the opinion of the Court:

By this bill in chancery appellant sought to enjoin the collection of a tax assessed against its capital stock by the State Board of Equalization, for the year 1885. The circuit court of Whiteside county sustained a demurrer to and entered a decree dismissing the bill. Two grounds are relied upon to reverse that decree.

*First*—The first contention of appellant is, that the fourth division of section 3 of the Revenue act, as amended in 1879, violates the rule of uniformity provided for by section 1, of article 9, of the constitution of 1870.

The section of the constitution in question reads as follows: "The General Assembly shall provide such revenue as may be needful, by levying a tax, by valuation, so that every person and corporation shall pay a tax in proportion to the value of his, her or its property,—such value to be ascertained by some person or persons to be elected or appointed in such manner as the General Assembly shall direct, and not otherwise; but the General Assembly shall have power to tax peddlers, auctioneers, brokers, hawkers, merchants, commission merchants, showmen, jugglers, inn-keepers, grocery-keepers, liquor dealers, toll-bridges, ferries, insurance, telegraph and express interests or business, vendors of patents, and persons or corporations owning or using franchises and privileges, in such manner as it shall, from time to time, direct, by general law, uniform as to the class upon which it operates."

Section 3 of the Revenue act, as amended in 1879, provides, among other things, as follows: "Personal property shall be valued as follows: * * * *Fourth,* the capital stock of all companies and associations now or hereafter created

36—134 ILL.

under the laws of this State, (except those required to be assessed by the local assessors, as hereinafter provided,) shall be so valued by the State Board of Equalization as to ascertain and determine, respectively, the fair cash value of such capital stock, including the franchise, over and above the assessed value of the tangible property of such company or association. * * * *Provided, further*, that companies and associations organized for purely manufacturing purposes, or for printing, or for publishing of newspapers, or for the improving and breeding of stock, shall be assessed by the local assessors, in like manner as the property of individuals is required to be assessed."

In *Coal Run Coal Co.* v. *Finlen*, 124 Ill. 666, it was held that the constitution does not prohibit the legislature from placing certain specified corporations in one class, and providing a uniform method of assessment for that class, and placing certain other specified corporations in another class, and providing a uniform manner of assessment for that class different from that in the other class; and that the rule of uniformity in the constitution applies to the class, and not to all corporations alike. In *Ottawa Gas Light and Coke Co.* v. *Downey*, 127 Ill. 201, it was expressly held, that under the statutes now in force the capital stock of gas companies is required to be assessed by the State Board of Equalization, and that such statutes, in distinguishing gas companies from purely manufacturing companies, and classing them with certain other corporations, and requiring their capital stock to be assessed by the State Board of Equalization, are not in violation of the State constitution. In this latter case, however, there was no consideration given to the matter of the constitutionality of the legislation in question, further than the statement that the decision of the court in *Coal Run Coal Co.* v. *Finlen* was directly in point, and decisive of the question presented.

In the case now at bar, objection is taken to the conclusion reached by the court in the *Coal Run Coal Co. case*, and it is urged that the position taken by counsel in that case necessarily and improperly conceded that the tax referred to in the latter portion of section 1, of article 9, of the constitution, had reference to a property tax, and that the court, proceeding upon that assumption, held that the legislature might lawfully make the classification it made in the act, and that the difference in the manner of making the assessments upon the different corporations organized under the statute did not render the fourth division of section 3 of the Revenue act obnoxious to the second clause of section 1, of article 9, of the constitution, which clause authorizes the General Assembly to tax corporations owning and using franchises, in such manner as it shall direct, by general law, uniform as to the class upon which it operates.

The particular contention here insisted upon by appellant, as we understand it, is, that the capital stock tax provided for in the statute, and now in controversy, is essentially a property tax; that said second clause of said section 1 of the constitution does not authorize the imposition of a property tax, but, on the contrary thereof, merely permits taxation upon occupations,—and this, too, without any reference whatever to property or property values; that the right to impose a tax upon property must necessarily be referred to the first clause of the constitutional provision above quoted, and that since, by the amendment of 1879 to the statute providing for a tax upon the capital stock of corporations, all companies and associations organized for purely manufacturing purposes, or for printing, or publishing newspapers, or for improving and breeding stock, are expressly relieved from the burden of such a tax, that statute is in direct conflict with the rule of uniformity and universality established by the first clause of said section 1 of the constitution, which provides that every person and corporation shall pay a tax in proportion to the value of

his, her or its property, and that the statute is therefore void, and the assessment upon the capital stock of appellant unauthorized.

It is unquestionably true that both the capital stock of a corporation and its franchise are corporate property, and it was only upon the ground they were property, and belonged to the corporation, that the capital stock taxes levied under the law of 1872 were sustained in *Porter et al.* v. *Rockford, Rock Island and St. Louis Railroad Co.* 76 Ill. 561, and numerous other cases. It must also be conceded, that if the right to levy a tax upon the capital stock and the franchise of a corporation, based upon valuation, is referable alone to the first clause of the constitutional provision under consideration, then the conclusion that the act, as amended in 1879, providing for their assessment by the State Board of Equalization, and excluding from the operation of the act certain classes of corporations organized for pecuniary profit, is obnoxious to the rule of uniformity and universality announced in said clause, is entirely legitimate. The claim, however, that the power to impose a tax such as that in question is given only in the first clause of said section of the constitution, and that no authority in that behalf is conferred by the second clause thereof, we do not concur in.

It is strenuously insisted that the second clause of said section 1 has reference only to a taxation upon occupations. It is true, that in the opinion of the court in the case of *Wiggins* v. *City of Chicago,* 68 Ill. 379, language is used, by way of argument, which seems to give color to the claim now made. But it is manifest, from an examination of the enumeration of particular vocations, etc., found in that clause, that such enumeration is not confined to occupations. In it are found insurance, telegraph and express interests or business, tollbridges, ferries, and persons or corporations owning or using franchises and privileges. These matters can not accurately be regarded as occupations, or as connected with occupations,

merely. Elements of property, and of property rights and values, enter into all of them. The first clause of the section lays down the general rule for the levying of taxes, which is "by valuation, so that every person and corporation shall pay a tax in proportion to the value of his, her or its property," and also states the means by which such valuation is to be ascertained. The second clause begins with the word "but." That word is used in an exceptive or adversative sense, and means "on the contrary," or, "on the other hand."

In *Illinois Central Railroad Co.* v. *County of McLean,* 17 Ill. 291, the provisions of section 2, of article 9, of the constitution of 1848, were before the court, and they were almost identical with the provisions of said section 1 of the present constitution, except that the General Assembly was simply given power to tax the occupations therein mentioned, and persons using and exercising franchises, "in such manner as they shall, from time to time, direct," and there was no requirement, as now, that this should be done by general law, and that the taxation should be uniform as to the class upon which it operates. It was there held, that the first clause of the section prescribed the general rule,—that of uniformity and proportion, upon the basis of the actual appraised valuation of all property, which was to govern in the levying of taxes. But it was also held that this rule was not a universal and inflexible one; that there were exceptions to it; that the second clause of the section contained an exception, and that the design of the exception was, to enable the legislature to make the burthen of taxation proportionate, by applying a different rule to the occupations enumerated in said clause, to toll-bridges, to ferries, and to corporations exercising franchises and privileges, from that applied to individuals generally. It was there said: "Power, then, to make a flexible rule, became indispensable to reach and remedy an inequality inseparable from the nature of these circumstances, and irremediable by a uniform and proportionate rule, assessed on

actual appraisements of visible property. Therefore, this general power to tax these, which, when exercised generally upon all or specially upon one corporation, may well commute, estimate, include and compound, within the rule of assessment, whatever of real or personal property the individual or corporation may use in the calling or with the franchise." And it was further said: "The power, then, to fix upon some other rule * * * leaves the mode of assessment and valuation to the wisdom of the General Assembly." It must be presumed that when the present constitution was adopted, it was with full knowledge of the interpretation that had been placed by this court upon the language incorporated therein, which was taken from the prior constitution.

In *Porter et al.* v. *Rockford, Rock Island and St. Louis Railroad Co.* 76 Ill. 561, the decision was in line with that made in the *McLean County case,* and proceeded upon the assumption that the power to impose taxes, under the act of 1872, upon capital stock, including franchise, was derived from the second clause of said section 1 of the constitution of 1870, and it was held, that the present constitution does not require that the legislature, in providing for the taxation of corporations, shall designate the precise amount which each corporation shall pay, and that this shall be the same on each corporation, without regard to the value of the franchise or the privileges enjoyed, nor that such taxation shall be of like character with that which may be imposed on the persons pursuing the particular vocations named; and further held, that it was discretionary with the legislature to determine whether corporations should be taxed only on their tangible property, on the amount of their capital stock paid in, on the amount of their gross receipts, or on the value of their tangible property and on the fair cash value of their capital stock, including franchise, over and above the assessed value of their tangible property, and that the only limitations upon the legislative power in that regard were, that such taxation should

be directed by general law, and that such law should be uniform as to the class upon which it operates.

Our conclusion in respect to the first contention of appellant is, that its claim in that regard is not well founded; that the decisions of this court in *Coal Run Coal Co.* v. *Finlen, supra,* and in *Ottawa Gas Light and Coke Co.* v. *Downey, supra,* were right, both upon principle and upon authority; and that as the capital stock tax complained of was directed by a general law uniform as to the class upon which it operated, it is not obnoxious to any constitutional provision.

*Second*—The remaining contention of appellant is, that the assessment upon its capital was fraudulently made by the State Board of Equalization.

It appears from the allegations in the bill, that the total equalized assessment for the year 1885, upon its tangible property, was $4697, and that the taxes extended thereon amounted to $202.42, and that the board of equalization assessed its capital stock at the further sum of $6712, and that further taxes, amounting to $319.18, have been extended thereon. It is averred in the bill, that "said capital stock represents and has no other or greater value than that of said tangible property, already taxed." These further allegations are found in the bill of complaint: "That your orator, in 1885, returned to said board of equalization, in pursuance of the statute in that behalf, the amount, value and assessment of the tangible property of your orator, and also the amount and value of the capital stock of your orator, in which return your orator stated that its said capital stock had no other or further value than that of your orator's said tangible property, which had already been assessed, as aforesaid; and said board, without any knowledge or information in the premises other than that furnished, as aforesaid, by your orator, and, as your orator is informed and believes, without any attempt to obtain other or further information as to the value of your orator's alleged capital stock, and in complete ignorance of the same,

save the information furnished, as aforesaid, by your orator,. and with the intent to impose said burden upon your orator regardless of the true value of said alleged capital stock, fraudulently ordered said assessment of $6712 against and upon. the capital stock of your orator."

The statement that the action of the board was fraudulent is the mere statement of the conclusion or opinion of the pleader.    It devolves upon the party claiming fraud, to state the facts relied upon as constituting it; and where the facts. alleged do not necessarily amount to fraud, a demurrer to the bill does not admit fraud.    The facts averred in the bill which it is claimed show fraud on the part of the board of equalization are to be taken most strongly. against the pleader.    It is. to be noted that the bill does not disclose what was shown in the return made by the corporation in respect to the total amount of all its indebtedness, excluding indebtedness for current expenses.    In the absence of any statement of what was shown by the return relative to such indebtedness, it may well be presumed that the showing in that regard was such as fully to justify the assessment that was made upon capital stock.

It has been decided by this court in very numerous cases,. that the State Board of Equalization is not concluded by the valuation placed upon the property of a corporation by its officers, and that it is not essential that it should first hear evidence in fixing the taxable value of property, or in changing the valuation returned by the corporation.    The law gives. to the board the power, and imposes upon it the duty, of ascertaining and determining the value, and in fixing it the members of the board may act upon their own knowledge and judgment.    *Porter* v. *Rockford, Rock Island and St. Louis Railroad Co. supra; Republic Life Ins. Co.* v. *Pollak,* 75 Ill. 292; *Pacific Hotel Co.* v. *Lieb,* 83 id. 602; *St.Louis, Vandalia and Terre Haute Railroad Co.* v. *Surrell,* 88 id. 535; *Railroad and Coal Co.* v. *Stookey,* 122 id. 358.

In *Connecting Ry. Co.* v. *The People,* 119 Ill. 182, it was said: "Obviously, the fraud which may be urged against the assessment must, in general terms, have either consisted in a willful disregard, by the members of the board, of a known duty, for the purpose of producing a result which could not otherwise have been produced, or in their denying or preventing the tax-payer from doing something that he might lawfully do, and, but for being denied and prevented by them, would have done, which would or might have had the effect to have caused a lower valuation of the property to be made." We think it manifest that no such case is shown by the facts stated in the bill of complaint as necessarily amounted to a fraud under either branch of the rule above enunciated, and that the interposition of the demurrer was not an admission that there was fraud in making the assessment, on the part of the board of equalization.

We find no error in the record, and the decree of the circuit court is affirmed.

*Decree affirmed.*