### Firemen's Insurance Company v. James A. Hogan, Collector, etc.

1. TAXES—*On Stock and Franchise of Corporation—When not Enjoined as Arbitrary and Unreasonable.*—A corporation filed a bill to enjoin the collection of taxes on its franchise and capital stock. The bill alleged that the statement required by law had been prepared and delivered to the assessor, but did not show what were the particulars of such

statement; it also claimed that the State board of equalization had disregarded such statement and made an arbitrary and unreasonable tax upon the property of the complainant. *Held,* that a comparison of the assets and liabilities of the corporation, as set forth in such statement, may have shown that the actual intrinsic value of the shares was very considerable, and that a demurrer to the bill was properly sustained.

**Bill,** to enjoin the collection of taxes. Appeal from the Circuit Court of Cook County; the Hon. Elbridge Hanecy, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed January 21, 1897.

U. P. Smith, attorney for appellant.

No appearance for appellee.

Mr. Justice Gary delivered the opinion of the Court.

February 19, 1896, the appellant filed in the Circuit Court a bill in chancery, the body of which is as follows:

" Your orator, the Firemen's Insurance Company, respectfully represents and shows unto your honors that it is a corporation duly organized and existing and doing business under the laws of Illinois, with its principal office located in Chicago, in the county of Cook and State of Illinois.

That it has been organized and doing business for twenty years last past, in conformity to the statutes and laws of Illinois, as a fire insurance company, with a capital stock originally of the par value of one hundred thousand dollars ($100,000), which has since been increased to two hundred and fifty thousand dollars ($250,000) paid up stock.

That since the date of its organization it has been constantly engaged in conducting and carrying on the business of fire insurance, for which it was organized, in the State of Illinois.

Your orator further shows unto your honors that it is the owner of a large amount of real estate in the State of Illinois, taken for indebtedness due and owing the company, and belonging to the company, and upon which it is assessed and pays taxes to the amount of from three to five thousand dollars ($3,000 to $5,000) a year.

That your orator is also the owner of certain office furniture and fixtures, and other personal property in its said office in Chicago, used and employed in connection with its said business, and that its entire capital is invested in real estate and other property upon which it pays taxes in the State of Illinois.

That the properly constituted officers of the city of Chicago have levied each year upon the personal property of your orator a just and fair amount of taxes to be paid by your orator upon such personal property so owned and used by it, and that your orator has always paid its full share of the taxes so levied against its personal property, and is now ready and willing, and now offers to pay to the collector of the town of South Chicago, in which said personal property is situated, and in which its said offices are situated, its full and just share of the amount of taxes levied by the assessor of the town of South Chicago, upon its personal property, for the year 1895, and your orator further shows that the assessor of the town of South Chicago levied and assessed against the personal property and assets of your orator a tax amounting in the aggregate, as increased by the State board of equalization of the State of Illinois, in the sum of four hundred one and eighty-six one-hundredths dollars ($401.86) for the year 1895.

That at the time said assessor levied and assessed said tax upon your orator's personal property, as aforesaid, your orator made out and delivered to the assessor a sworn statement of the amount of its capital stock, setting forth particularly the name and location of the company, the amount of the capital stock of your orator authorized by law, the number of shares into which such capital stock was divided, the amount of the capital stock paid up, the market value of the shares of stock, and also the actual value of such shares, and stating that said shares had only a nominal value, either in the market or otherwise; the total amount of all the indebtedness of said company, except the indebtedness for current expenses, and excluding from said expenses the amount paid for the purchase or improvement of

said property; the assessed valuation of all its tangible property, including the value of its franchise, in conformity with such instructions and in form as prescribed by the auditor of public accounts for the State of Illinois.

Which said statement was delivered by your orator to said assessor, and was received and examined and fully considered by him and pronounced sufficient and satisfactory and in due form, in every respect as required by law to be made by your orator.

And said assessor, upon a full and thorough examination of the said statement and the facts therein stated and set forth, together with a full and careful examination of your orator's personal property, and upon the basis thereby furnished him by your orator, assessed your orator's personal property, including the value of your orator's capital stock and franchise, as set forth in said statement for taxation, and assessed upon the same the amount of taxes to be paid for the year 1895, at the sum above stated as equalized by the State board of equalization, which included the taxes upon your orator's other personal property, of every nature and description, liable for taxation in the State of Illinois for the year 1895.

That at the time said statement was so executed and delivered to said assessor, by your orator as aforesaid, it was properly sworn to and in proper form, to be by said assessor scheduled and returned by him to the county clerk, to be forwarded by said county clerk to the auditor of public accounts, to be laid by said auditor before the State board of equalization, as required by law.

Your orator further states upon information and belief, and charges the fact to be, that said assessor from some cause unknown to your orator, never scheduled and delivered said statement so made by your orator to the said county clerk, and that said county clerk, by reason thereof, never forwarded said statement to the auditor of public accounts, and said auditor never laid the same before the State board of equalization, as required by law, so that the State board of equalization never came into the possession

of or had in their possession for their examination the said statement so made and executed, and delivered by your orator to said assessor as aforesaid, as your orator is informed and believes, and charges to be true.

Your orator further states upon information and belief, and charges to be true, that the State board of equalization, without having before them the said statement, so made by your orator as aforesaid, and in the absence of any such statement, or any statement relative to your orator's personal property, either made by your orator or said assessor, and wrongfully and unlawfully, and without any information of any kind pertaining to your orator's personal property of any nature or description, proceeded arbitrarily and without having before them any properly authenticated information whatever, with regard to the amount or value of your orator's personal property liable for taxation, arbitrarily, wrongfully and unjustly increased the amount of your orator's tax upon its personal property for the year 1895, by the sum of thirteen hundred and fifty dollars and seventy-three cents ($1,350.73), as the value of your orator's franchise, making the total tax payable by your orator upon its personal property in the town of South Chicago, as aforesaid, the sum of seventeen hundred and fifty-two dollars and fifty-nine cents ($1,752.59), instead of the sum of four hundred and one dollars and eighty-six cents ($401.86), the amount fixed upon by the assessor, and as increased by the State board of equalization, as your orator's personal tax for the year 1895, as above mentioned, and without any fault on the part of your orator, and in spite of the fact that your orator had in every respect fully complied with the law in listing its said personal property for taxation, as hereinbefore stated and set forth, and without any notice to your orator that any such increase of your orator's taxes or tax above your orator's capital stock and franchise was contemplated by the said State board of equalization, all of which your orator is informed and believes, and charges to be true.

Your orator further represents and shows unto your

honors, that, on February 15, 1896, your orator tendered to James A. Hogan, the collector of the town of South Chicago, the sum of $401.86, the amount fixed by the assessor as due and payable by your orator upon its personal property for taxes for the year 1895, as increased by the State board of equalization, which said last mentioned sum was received by Hogan as such collector, who stated to your orator at the time that he did not know as he could receive said sum in satisfaction of the personal property tax against your orator, but that he would keep the money and let your orator know in a day or two, and, if he could not receive and take said money in full satisfaction and payment of the personal property tax levied against your orator, and return said money to your orator within a day or two.

That on February 17, 1895, said collector Hogan, contrary to his promise, and without returning to your orator the said sum of $401.86, and without giving your orator any notice of his intentions or of what he intended to do, or contemplated doing, caused your orator's bank account at the First National Bank or Chicago to be levied upon for the purpose of paying and satisfying the said sum of $1,450.73 so arbitrarily and wrongfully and unjustly levied and assessed against your orator, as a tax upon its franchise by the said State board of equalization, as hereinbefore stated and set forth, and the said Hogan, as such collector, threatens and gives out that he intends to and will proceed forthwith, to cause an additional levy to be made upon your orator's property for the purpose of paying and satisfying said sum of $1,350.73 so arbitrarily, wrongfully and unjustly levied and charged upon your orator by the State board of equalization as aforesaid; and your orator fears that unless enjoined by this honorable court, the said Hogan will proceed to make additional levy upon your orator's property for the purpose of collecting said unjust and illegal tax, and to enforce said levy already made, and otherwise harass and trouble your orator and tie up its property so that your orator can not manage and control

it, and thereby greatly damage your orator and interfere with its said business and property to the great and irreparable damage, wrong and injury to your orator.

Your orator further states and shows unto your honors that the franchise of your orator is of no real value, and is in no manner essential or important to your orator in the management of its said business, and contributes absolutely nothing towards your orator's income or profits, and is only used as a mere matter of convenience in conducting your orator's said business.

That a franchise equally good and valuable in every respect can be obtained from the secretary of state at any time for the sum of $25, and this is the utmost sum at which said franchise could be valued for any purpose.

That the State board of equalization have not assessed the franchise of to exceed fifty per cent of the corporations doing business in the State of Illinois who are liable to such assessment, within the letter and spirit of the law, but have proceeded seemingly at random in making such assessment, thereby attempting to impose upon the few the payment of such tax, while others are not taxed at all, and thereby rendering every assessment of the franchise and capital stock of corporations made by said State board of equalization for the year 1895 illegal and void for want of uniformity, and a fraudulent imposition upon those companies upon whose capital stock or franchise said board has attempted to levy a tax, as in the case of your orator.

That said law, under which said State board of equalization has attempted to tax the capital stock or franchise of corporations in the State of Illinois, has for years remained upon the statute books of Illinois as a dead letter, and the State board of equalization has never before attempted to enforce the same, as your orator is informed and believes, and in the present instance said board has not conformed to the spirit or intent of said law, even if said law is still in force, but have attempted to enforce said law in an unconstitutional and illegal manner, by levying a tax upon the franchise of some corporations and omitting to impose a tax

upon others who are equally amenable to said law, and thereby attempting to impose and assess an ununiform and unjust capital stock or franchise tax upon other corporations doing business in the State of Illlinois, without authority of law, and in violation of the constitution and law of the land.

But if said tax had been imposed or levied properly and in a uniform manner, the franchise of your orator has no value upon which to impose such tax, but is at most but a worthless right, and utterly devoid of all intrinsic or actual value to your orator, and wholly unlike many franchises for right of way, and other like franchises, where the right of franchise lays at the very foundation of, and must precede the prosecution of, the business contemplated, in which case a franchise is invested with and has some actual value which may be liable to taxation, but such is not the character of the franchise of your orator, which is utterly devoid of any element of value except as a mere matter of convenience in the mode of doing business; in all other respects it is a mere worthless right and possesses no intrinsic value of any kind outside the mere cost of obtaining it, and if liable to be taxed at all, such tax could only be imposed for a nominal sum, while in the present case the State board of equalization has based the tax levied upon your orator's franchise upon a valuation of $15,000 as the value of such franchise, whereas, such franchise possesses no element of value of any kind to make it the subject of taxation under the constitution and laws of the State of Illinois.

Your orator further alleges that its business of underwriting in the State of Illinois under said franchise has proved unprofitable during the year 1895, and for years prior, and yet that company pays more taxes to the State of Illinois than other insurance companies in this State doing manifold more business than your orator; and that the said defendant has accepted from other corporations the tax as assessed against them by the local assessor and waived the payment of the tax herein complained of, assessed against said corporation respectively, on their franchise tax assessed by the State board of equalization; and your orator charges

that in practice and in the conduct of business by said defendant Hogan, and here and elsewhere in this State, such assessments by the State board have been ignored.

Your orator therefore prays—that forasmuch as at and by the strict rules of the common law it is remediless in the premises, and can only have relief in a court of equity, where such matters are cognizable and relievable—that a writ of injunction may be issued out of this honorable court directed to said James A. Hogan, the collector of the town of South Chicago, commanding and enjoining him and his officers, agents and servants, from interfering with your orator or any of its personal property or assets, and restraining and enjoining the said James A. Hogan, collector as aforesaid, perpetually, from collecting or attempting to collect the said sum of $1,350.73 so illegally and wrongfully levied by the State board of equalization of the State of Illinois, against the capital stock, rights and franchise of your orator, and that your orator may have such other or further relief in the premises as to your honors shall seem meet; and that a summons may be issued in this cause in due form of law, directed to the said James A. Hogan, commanding him to appear and answer this, your orator's bill of complaint, and your orator will ever pray," etc.

The bill does not state what were the particulars of the statement delivered to the assessor; a comparison of its assets and liabilities, as stated therein, may have shown that the actual intrinsic value of the shares was very considerable.

And the claim for relief proceeds upon what, by law is impossible; viz.: that the assessor, and State board of equalization, had fixed the amount of taxes to be paid by the complainant upon its personal property and assets—a duty devolving upon other officials.

What is said by the Supreme Court in LaSalle and Peru Horse and Dummy Ry. v. Donoghue, 127 Ill. 27, and Sterling Gas Co. v. Highby, 134 Ill. 557, is very discouraging of applications like this, and the decree of the court below, sustaining a demurrer to and dismissing the bill of the appellant, is affirmed.