EARL & WILSON

*v.*

SAMUEL B. RAYMOND, County Treasurer, *et al.*

*Opinion filed October 19, 1900—Rehearing denied December 19, 1900.*

1. TAXES—*board of review may act through committees to procure facts.*
The board of review, at the hearing upon the question of increas-
ing assessments, may act through committees of one or more to
procure the facts in regard to the matter to be acted upon, and
may receive recommendations as to the action to be adopted.

2. SAME—*board's action need not be based on sworn testimony.* In fix-
ing the valuation of a tax-payer's property the board of review
may act upon their own knowledge and judgment or information
obtained from third parties, and the tax-payer is not entitled to
have the board's informants called and sworn as witnesses, in order
to give him an opportunity to cross-examine them.

3. SAME—*when equity cannot enjoin collection of tax.* If the board
of review has jurisdiction of the person and subject matter in in-
creasing an assessment, and no fraud is shown either in the pro-
cedure of the board or in the conclusion reached, equity has no
power to enjoin the collection of the tax.

APPEAL from the Circuit Court of Cook county; the
Hon. E. F. DUNNE, Judge, presiding.

Appellants filed their bill in the circuit court of Cook
county to enjoin the collection of the taxes extended up-
on the increased valuation of their property, made by the
board of review of that county.

The record shows that appellants filed with the board
of assessors a schedule of their personal property, plac-

ing an aggregate valuation thereon of $26,005; that the board of assessors found the full value to be $27,500 and assessed the property at $5500, and returned the assessment to the board of review. The board of review, believing the property had not been adequately assessed, caused a notice to be served upon appellants to appear upon a day certain and show cause why their assessment should not be increased. Pursuant to the notice, appellants' manager appeared before the board and was referred to one member thereof, who examined him in reference to appellants' assessment. Subsequently the entire board of review, as appears from the evidence, passing upon the assessment, in consideration of the facts and of the information obtained upon the hearing of their agent before the one member of the board, and the facts and information obtained by each member thereof from men engaged in the same line of business as appellants, from their commercial rating, their standing at the banks, from financiers in the city and from other sources, found the full valuation of their personal property to be $40,000 and increased the assessment of the same to $8000, and returned this assessment to the county clerk.

On the hearing of the cause the court below dismissed the bill for want of equity, and appellants now prosecute this appeal.

HUFF & COOK, (ROBERT S. ILES, of counsel,) for appellants.

JULIUS A. JOHNSON, County Attorney, and FRANK L. SHEPARD, Assistant County Attorney, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The action of the board of review in raising appellants' assessment is authorized by that portion of paragraph 2 of section 35 of the Revenue act of 1898 (Laws of 1898, p. 48,) which reads as follows: "The board also,

upon its own motion, may increase, reduce or otherwise
adjust the assessment of any individual or corporation,
and shall have full power over the assessment of any in-
dividual or corporation, and shall have full power over
the assessment and may do anything in regard thereto
that the assessors might and could originally have done,
but no assessment shall be increased until the person or
corporation to be affected shall have been notified and
given an opportunity to be heard except as hereinafter
provided."

It is well settled law that courts of equity will never
entertain a bill to restrain the collection of a tax except
in cases where the tax is unauthorized by law, or where
it is assessed upon property which is exempt from taxa-
tion, or where the property has been fraudulently as-
sessed at too high a rate. (*Porter* v. *Rockford, Rock Island
and St. Louis Railroad Co.* 76 Ill. 561.) It is obvious that
the case at bar comes within neither of the first two
exceptions. If appellants are entitled to relief in this
case they must have shown that their property has been
fraudulently assessed at too high a rate. While the bill
filed alleges fraud on the part of the board of review, we
find no evidence in the record sufficient to sustain such
a charge.

Counsel for appellants urge that the hearing before
the board of review was not such a hearing as gave the
board jurisdiction to make the increased assessment com-
plained of; that the assessment books should show a find-
ing of the full value as well as the assessed value of the
property, and that the action of the board of review was
arbitrary and invalid. That the hearing accorded appel-
lants was not a proper one we do not think is sustained
by the former decisions of this court. All bodies com-
posed of a number of persons may, and generally do, act
through committees of one or more to procure facts in
reference to the matter to be acted upon, and receive rec-
ommendations as to the action that should be adopted.

188—2

This was the procedure in the case at bar and is a well recognized practice. (*Beers* v. *People ex rel.* 83 Ill. 488; *Porter* v. *Rockford, Rock Island and St. Louis Railroad Co. supra.*) The raising of appellants' assessment was the act of the entire board and not of a single member thereof, and is fully warranted by the statute.

Appellants' contention that the action of the board of review is invalid for the reason that the witnesses from whom they obtained information as to the value of appellants' property were not called in and sworn and an opportunity given for cross-examination is not well founded. The law gives the board the power, and imposes upon it the duty, of changing any assessment which, in their opinion, may be incorrect; and in fixing the valuation to be placed upon the tax-payer's property the board may act upon their own knowledge, information and judgment, and are not concluded by the statements of the owner of the property. (*Sterling Gas Co.* v. *Higby*, 134 Ill. 557, and cases there cited.) In the case at bar the action of the board of review in increasing appellants' assessment was within the scope of their authority. They had jurisdiction of the person and of the subject matter, and no fraud of any kind, either in the procedure of the board or in the conclusion reached by them, being shown, the court below had no power to set aside the assessment nor to restrain the collection of the tax. *East St. Louis Connecting Railway Co.* v. *People*, 119 Ill. 182; *Keokuk Bridge Co.* v. *People*, 161 id. 514; *Spring Valley Coal Co.* v. *People*, 157 id. 543.

We are of the opinion that the circuit court committed no error in dismissing the bill, and the judgment will accordingly be affirmed.        *Judgment affirmed.*