## THE AMERICAN EXPRESS COMPANY

*v.*

## SAMUEL B. RAYMOND, County Collector.

*Opinion filed February 20, 1901.*

1. TAXES—*board need not produce evidence on which it acts in increasing an assessment.* On the hearing of the question whether the assessment of a tax-payer's property should be increased, it is not necessary to the validity of the board's action in increasing the assessment that it produce evidence on which such action is based.

2. SAME—*that an assessment record does not show increase on different items is not ground for enjoining tax.* While the assessment record should show the increased valuation of the different kinds of property as made by the board of review, and not merely the increased valuation of one-fifth of the total, yet the omission of such showing is not ground for enjoining the collection of the tax. (*Earl & Wilson* v. *Raymond,* 188 Ill. 15, followed.)

APPEAL from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

ROBERT S. ILES, for appellant.

JULIUS A. JOHNSON, County Attorney, and FRANK L. SHEPARD, Assistant County Attorney, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The court below, on the hearing, dismissed appellant's bill, which it had filed to enjoin the collection of the taxes assessed and extended in 1899. The complaint was and is that the board of review of Cook county increased the assessed valuation without affording appellant an opportunity to be heard. It is not denied that appellant was properly notified to appear before the board and show cause why the assessment on its property should not be increased, nor that appellant's agent appeared in pursuance of such notice, but the point made is, that there was no hearing of facts relating to the value of appellant's property, but only an informal conversation be-

tween the members of the board and appellant's agent, together with the agents of other express companies who were present at the same time, relative to their respective assessments. It appears that, adopting the suggestion of a member of the board, the board and the representatives of the several companies assembled around a table in the office of the board and took up the matter of the assessment of all such companies together. The board heard what these representatives had to say, but it does not appear that specific valuations were discussed nor that any decision was announced or reached. The meeting adjourned, or, at any rate, the members of it separated, and the appellant claims that its assessment was afterwards increased without its knowledge or any opportunity to be heard in reference thereto, and without any notice or information from the board as to the evidence or grounds upon which such increase was based. If appellant desired to make any showing to the board that the schedule and valuations of its property were correct and should not be changed or increased, it had the opportunity to do so, and it cannot complain that the board did not produce the evidence upon which it acted in making the increase.

We think appellant is correct in its contention that the assessment record should show the increased valuations of the different kinds of property as made by the board, and not merely the assessed valuation of one-fifth of the total. But this omission is not sufficient to sustain the bill to enjoin the collection of the tax. The case is substantially the same as that of *Earl & Wilson* v. *Raymond*, 188 Ill. 15, and of *Kimbark* v. *Raymond*, id. 66, and must be governed by those decisions. See, also, *Ayers* v. *Widmayer*, 188 Ill. 121, and *Pratt* v. *Raymond*, id. 469.

The decree will be affirmed.        *Decree affirmed.*