THE PEOPLE *ex rel.* William L. O'Connell, County Collector, Defendant in Error, *vs.* THE CHICAGO TUNNEL COMPANY, Plaintiff in Error.

*Opinion filed April 23, 1914.*

1. TAXES—*what the board of review decided is to be determined by the record made by it.* The record of the decision of the board of review upon a hearing for the purpose of modifying an assessment is made by entering it upon the assessment books, and that which the board decided to do must be determined by the record made by it.

2. SAME—*oral testimony as to what board of review decided to do is not admissible.* Where the board of review reduces on the books an assessment of real estate from six million dollars to four million dollars, oral testimony is not admissible to show that members of the board had stated the board intended to reduce the assessment to three million dollars.

3. SAME—*what does not show fraud, accident or mistake.* Where the board of review reduces on the books an assessment of real estate from six million dollars to four million dollars, testimony that the president of the board, on the hearing of the owner's complaint of over-valuation, stated that the assessment would be reduced to three million dollars does not show that the assessment of four million dollars, shown by the books, was the result of any fraud, accident or mistake.

WRIT OF ERROR to the County Court of Cook county; the Hon. JOHN E. OWENS, Judge, presiding.

DUNCOMBE & BEHAN, for plaintiff in error.

CARL R. CHINDBLOM, County Attorney, and JOHN P. BARNES, (PAUL T. BARNES, of counsel,) for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

This was a writ of error to review a judgment of the county court of Cook county overruling the objections of the plaintiff in error and rendering judgment against cer-

tain real estate for delinquent taxes. The only question is whether the real estate was assessed at $4,000,000 or $3,000,000.

The objection of the plaintiff in error was as follows: "That on July 31, 1912, the Chicago Tunnel Company filed with the board of review of Cook county, Illinois, a complaint alleging that the valuation theretofore placed upon certain tunnels operated by said company was excessive and asking that said assessment be reduced for the years 1912, 1913 and 1914; that on August 19, 1912, said company was notified to appear before the said board of review on August 22, 1912, at two o'clock P. M., to be heard in support of its said complaint; that on August 22, 1912, at the time fixed in said notice, a representative of said Chicago Tunnel Company appeared at the office of said board of review and was given a hearing upon its complaint before Fred W. Upham, president of said board; that after hearing the argument on behalf of said company in support of its complaint said Fred W. Upham decided that the valuation of $6,000,000 was 'excessive, and notified the representative of said company that for the years 1912, 1913 and 1914 the assessment upon said tunnels would be placed at the sum of $3,000,000, full value, for each of said years; that this objector was notified by its representative of the decision of said board, and that this objector received no other or further notice to appear before said board of review or any member thereof; that subsequent to August 22, 1912,—the date on which its said complaint was decided,—said board of review, or some member thereof or clerk in its employ, without notice to this objector or any one for it, increased its assessment upon said tunnels for the years 1912, 1913 and 1914 from the sum of $3,000,000 to the sum of $4,000,000, and that the action of said board of review in so increasing the said assessment was due to mistake, accident or fraud, and was so increased after the

said hearing of August 22, 1912, without due notice to this objector."

In the quadrennial assessment of 1911 the board of assessors had assessed the real estate at $6,000,000, and in 1912 the board of review was asked to reduce this assessment to $2,000,000 by a complaint of the plaintiff in error filed July 31, 1912. The statute, section 37 of the act of 1898 for the assessment of property, required the board of review, if it decided to modify the assessment, to cause the change to be made at once and entered upon the assessment books. In *Weber* v. *Baird,* 208 Ill. 209, we held that the record of the decision of the board of review upon a hearing for the purpose of the modification of an assessment is made by entering it upon the assessment books, and that what the board decided is to be determined by the record made by it. The assessment book was not introduced in evidence, and it is only by inference that it can be concluded that any change was made in it. Such inference as is to be drawn from the testimony is that it was changed from $6,000,000 to $4,000,000.

At the July term, 1912, of the county court of Cook county the plaintiff in error filed objections to the entry of judgment for delinquent taxes against its real estate. During the pendency of these objections an assistant county attorney, at the request of the county judge, went before the board of review to consult with the board about the description and valuation of the property. Evidence was offered and was heard tending to show that at that time the members of the board stated that the valuation of $6,000,000 placed on the property the year before was too high and the board intended to make the value $3,000,000 for 1912 and 1913. This testimony was objected to and was incompetent. It is not claimed that any change in the assessment was made at that time, and if there had been it could not have been proved by evidence of this kind. No complaint was pending and no action of any kind was taken by the

board.  The testimony had no tendency to prove any fact in issue in the case.

It was shown that afterward the complaint mentioned in the objections was filed, that the plaintiff in error was notified to appear before the board of review on August 22, 1912, and that its representative did appear and was given a hearing before the president of the board.  Testimony was introduced that the president decided that the valuation was excessive, and notified plaintiff in error, through its representative, that for the years 1912, 1913 and 1914 the valuation would be $3,000,000.  The president was only one of three members of the board of review and could not alone control the action of the board.  His announcement could have been no more than his own judgment, which the board might or might not approve.  It is not claimed,—at least there is no evidence to show,—that he then made any change on the assessment books.  The method of hearing was in accordance with the procedure usually adopted by bodies composed of several persons.  Committees of one or more ascertain the facts in reference to the matter under consideration and recommend the action to be taken, the recommendation being suggestive, only, and the action, when taken, whether in accordance with the report of the committee or not, is the act of the entire body.  (*Earl & Wilson* v. *Raymond,* 188 Ill. 15; *Beers* v. *People,* 83 id. 488; *Porter* v. *Rockford, Rock Island and St. Louis Railroad Co.* 76 id. 561.)  The president could only speak for himself and report to the board, and the action of the board, and not his recommendation, must control.

There is no basis in the evidence for the claim that fraud, accident or mistake occurred in increasing the plaintiff in error's assessment from $3,000,000 to $4,000,000.  There is no evidence that the assessment ever was reduced to $3,000,000.  The plaintiff in error's attorney testified that he kept watch of the board of review and did not find that record was made.  The evidence shows nothing more

than a statement by one member of the board as to what action the board would take, which was followed by different action by the board from that predicted.

The judgment will be affirmed.    *Judgment affirmed.*