### Delia Howard v. The American Boiler Company et al.

1. MECHANIC'S LIENS—*The Act of June 26, 1895, is Not Retroactive.*— The provisions of the mechanic's lien act of June 26, 1895, requiring that within ten days after a contract is made the owner shall require, and the contractor shall give, a verified statement of the names and addresses of all persons having sub-contracts, etc., are not retroactive so as to cover contracts made before the act went into force.

Bill, for an accounting. Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded. Opinion filed February 1, 1897.

#### STATEMENT OF THE CASE.

This was a bill filed by Delia Howard against appellees and others to compel a general settlement growing out of a contract made by Delia Howard with the A. J. Connor Company, for the construction of a steam heating plant in her flats, on the corner of Hamlin avenue and Lake street.

About the last part of April or the first part of May, 1895, Delia Howard made a contract with the A. J. Connor Company, by the terms of which that company agreed to put into the flat buildings of Mrs. Howard a steam heating plant, including boiler, radiators, etc., and Delia Howard

agreed to pay to the A. J. Connor Company therefor the sum of $1,700, from time to time as the work progressed. About the middle of May, 1895, the A. J. Connor Company commenced to construct the plant, and substantially completed it some time in August, 1895. Delia Howard, from time to time, paid to the A. J. Connor Company sums on account, making a total that was paid upon the contract of $1,400, which still left in her hands, due on the contract, $300, less, it is claimed, about $25, which Mrs. Howard, it is alleged, paid to finish the job.

The American Boiler Company, the Kewanee Boiler Company and J. W. Byerly claimed to be sub-contractors under the A. J. Connor Company.

The court in its decree found that the American Boiler Company was entitled to a lien for $700, and that J. W. Byerly was entitled to a lien for $75, and decreed that Mrs. Howard should pay these sums, and that in default the property should be sold by the master to satisfy such several sums.

The main question in the case is as to whether, under the law, the payments which Mrs. Howard made on account of the contracts before the sub-contractors' notices were served, were rightfully made or not, and whether such payments should be deducted from the contract price or not.

The decree contains the following:

" The court further finds that Delia Howard paid to the A. J. Connor Company on July 20, 1895, $400; on August 1, 1895, $700; and on October 1, 1895, $300; making a total of $1,400 paid to the A. J. Connor Company, but the court holds that said payments were made in violation of section five of the mechanic's lien act, which went into force on the 1st day of July, 1895, because Delia Howard did not require a statement, and the A. J. Connor Company did not furnish a statement to Delia Howard in writing, under oath, in which the names and addresses of the parties having sub-contracts for specific portions of the work or materials were contained, and the court holds that without such requirement on the part of Delia Howard she could not, under the law, pay any portion of her contract price to said A. J.

Connor Company, and that such payments were not rightfully made as against the above named sub-contractors."

ARNOLD TRIPP, attorney for appellant.

WILLIAM R. BURLEIGH and A. P. PICHEREAU, attorneys for appellee J. W. Byerly.

WILLIAM R. BURLEIGH, attorney for appellee The American Boiler Co.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Appellee claims, and the decree of the court in this case in effect is, that appellant, because of the provisions of the present mechanic's lien law, must pay twice for work done upon her building.

Such contention by appellee would be well founded if the present law had been in force when appellant contracted for the placing of heating apparatus in her dwelling. The law under consideration went into force June 26, 1895. The provisions of this law—requiring that within ten days after a contract is made, the owner shall require, and the contractor shall give, a verified statement of the names and addresses of all persons having sub-contracts, etc.—are not retroactive so as to cover contracts made in the previous April or May. It was impossible, after June 26, 1895, to have, within ten days of the making of the contract, April or May, 1895, given a verified statement of the names and addresses of persons having sub-contracts.

The law never requires impossibilities.

We do not think that claims for liens under the law in force prior to June 26, 1895, were made out.

The decree of the Superior Court is reversed and the cause remanded, with directions to order appellant to pay into court the sum of $300 for the use of appellees; the same to be in full discharge of all claim of appellees for a lien on account of the said work by them respectively done upon appellant's said premises; such sum to be distributed *pro rata* among appellees.