## WILLIAM RICHARDSON

*v.*

## THE UNITED STATES MORTGAGE AND TRUST COMPANY.

*Opinion filed December 18, 1901—Rehearing denied February 11, 1902.*

1. APPEALS AND ERRORS—*when facts recited in decree must be taken to have been found upon sufficient evidence.* In chancery cases, if the evidence is not preserved in the record by bill of exceptions or a certificate of evidence, the facts recited in the decree must be taken to have been found upon sufficient evidence.

2. LEGISLATURE—*legislature cannot take away all remedy to enforce a contract.* The legislature may enlarge, limit or alter modes of procedure to enforce a contract, but it cannot deny a remedy altogether, nor so embarrass a remedy with restrictions as to seriously impair the value of the right conferred by the contract.

3. STATUTES—*statute will not ordinarily be construed as retrospective.* Statutes are prospective, and will not be construed to have retroactive effect unless the language used is so clear that it will admit of no other construction.

4. CORPORATIONS—*act of 1897 did not take away right of foreign corporation to foreclose mortgage.* The right of a foreign corporation to loan money in Illinois and bring suit for its recovery, as conferred by the act of April 9, 1875, was not taken away, as regards loans previously made, by the act of May 26, 1897, which provides that no foreign corporation failing to comply with the act concerning the filing of a copy of its charter with the Secretary of State, etc., shall maintain any suit or action in the courts of this State.

5. SAME—*the right of foreign corporation to maintain bill to foreclose mortgage.* A foreign corporation which has loaned money in Illinois, and taken a mortgage as security prior to the taking effect of the act of May 26, 1897, requiring foreign corporations to file a copy of their charters with the Secretary of State, etc., may maintain a bill to foreclose its mortgage without showing compliance by it with the act of 1897.

*Richardson* v. *U. S. Mortgage and Trust Co.* 89 Ill. App. 670, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

This is a bill for foreclosure, filed on April 18, 1898, by the United States Mortgage and Trust Company, for-

merly United States Mortgage Company, a corporation organized under the laws of the State of New York, and having its principal office of business in the city of New York, and authorized by its charter to invest or loan money and take real estate security therefor, against William Richardson, Mary A. C. Richardson and others. The object of the bill is to foreclose a mortgage, dated May 1, 1893, executed by Mary A. C. Richardson and William Richardson, conveying to the United States Mortgage Company, now the United States Mortgage and Trust Company, blocks 1, 2, 7 and 8 in Richardson's subdivision of the north-east quarter of the north-east quarter of section 36, township 38 north, range 14, east of the third principal meridian, situated in Chicago, Cook county, Illinois, which mortgage was executed to secure a principal note, dated May 1, 1893, executed by Mary A. C. Richardson and William Richardson for the sum of $25,000.00, payable to the order of the United States Mortgage Company, now the United States Mortgage and Trust Company, five years after the date thereof with interest at the rate of six and one-half per cent per annum, payable semi-annually on the first days of November and May in each year, and with interest at the rate of seven per cent per annum after maturity, the installments of interest being evidenced by ten interest coupon notes of even date, each for the sum of $812.50, made by the same parties and payable to the order of the same company and at the same times, and with interest after maturity at seven per cent per annum, all of the principal and interest being payable in gold coin of the United States of the present standard of weight and fineness at the office of the Title Guarantee and Trust Company, Chicago.

On June 20, 1898, the defendants below, Mary A. C. Richardson and William Richardson, filed a plea to the bill, setting up therein that the complainant below, the present appellee, was and is a foreign corporation, formed

for the purpose of gain under the laws of New York, and transacting or doing business in Illinois; that, by the statute approved May 26, 1897, in force July 1, 1897, entitled "An act to require every foreign corporation doing business in this State to have a public office or place in this State at which to transact its business, subjecting it to a certain condition, and requiring it to file its articles or charter of incorporation with the Secretary of State, and to pay certain taxes and fees thereon," it is required that such foreign corporation, before it shall be authorized or permitted to transact business in Illinois, or to continue its business therein, and before it shall maintain any suit or action, either legal or equitable, in the courts of said State, shall have and maintain a public office in said State for the transaction of its business, where legal service may be had upon it, and where proper books shall be kept to enable such corporation to comply with the constitutional and statutory provisions governing such corporation; that such foreign corporation shall also file in the office of the Secretary of State a duly certified and authenticated copy of its charter or articles or certificate of incorporation, together with a statement duly sworn to of the proportion of the capital stock of such foreign corporation represented by its property located and business transacted in the State of Illinois; and also to pay into the office of the Secretary of State, upon the proportion of its capital stock represented by its property and business in said State, incorporating taxes and fees equal to those required of similar corporations to such corporation, formed within and under the laws of Illinois; and the plea further avers that complainant was, at the time of instituting suit herein, transacting or doing business in Illinois; that it had not, at the time of instituting suit herein, complied with the requirements of said statute, in this, to-wit: that it did not, at the time of instituting suit herein, maintain a public office in Illinois for the transaction of its business

where legal service might or could be obtained upon it, and where proper books were kept for the purpose above stated; that complainant, at the time of instituting suit herein, had not filed in the office of the Secretary of State a duly certified and authenticated copy of its charter or articles or certificate of incorporation, together with a statement duly sworn to, as above described; that complainant, at the time of instituting suit herein, had not paid into the office of the Secretary of State incorporating taxes and fees such as are above mentioned.

On June 27, 1898, Mary A. C. Richardson and William Richardson, the latter being the appellant herein, filed their joint and several answer substantially admitting the execution of the note and mortgage above described, and the failure to pay the same, and to pay certain taxes and assessments, but also setting up the substance of the plea which they had previously filed, relying upon the act of May 26, 1897, and a failure to comply with its terms, as a defense. On July 11, 1898, an order was made that the plea be set down for hearing, and on the next day, July 12, 1898, an order was entered overruling the plea with leave to said defendants to set up the same defense by way of answer. Replications were filed by the complainant below. The cause was referred to a master in chancery who made his report finding that the note and mortgage above mentioned were made and executed as alleged in the bill, and that there was due from the defendants to the complainant for principal and interest upon the note, and for taxes and special assessments upon the property paid by the complainant, and interest thereon, the sum of $31,092.85, and also the further sum of $200.00 for solicitor's fees. The master found in his report that the material allegations of the bill were true, and recommended that a decree of foreclosure be entered. Upon the hearing before the master, the complainant below introduced in evidence a certified copy of the charter of the United States Mortgage Com-

pany of New York, and of an order changing its name to the United States Mortgage and Trust Company, entered by the Supreme Court of New York. Complainant also introduced in evidence an act to incorporate the United States Mortgage Company, passed May 12, 1871, by the legislature of New York, and also an act to amend the charter of the United States Mortgage Company, which became a law on March 31, 1894.

An appeal was taken from the decree of foreclosure so entered by the circuit court to the Appellate Court. The Appellate Court has affirmed the decree, and the present appeal is prosecuted from such judgment of affirmance.

JAMES E. PURNELL, for appellant.

HARLAN WARD COOLEY, and HENRY D. BEAM, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

In this case all the material allegations of the bill in regard to the execution of the note and mortgage, and the failure to pay the debt thereby secured and the taxes and assessments upon the property, are admitted by the appellant. No real objection is made to the correctness of the decree upon any other ground than that the defense set up in the plea was ignored by the trial court.

The only question in the case, therefore, is whether the charge contained in the plea, that the appellee did not comply with the act of May 26, 1897, constituted a good defense to the prosecution of this foreclosure suit. The plea, after setting up in substance the provisions of the act of May 26, 1897, alleges that the appellee did not comply with those provisions. Section 1 of the act requires every corporation for pecuniary profit formed in any other State, before it shall be authorized or permitted to transact business in this State, or to continue

business therein if already established, to have and maintain a public office or place in the State for the transaction of its business, etc.   Section 2 requires every such company to file in the office of the Secretary of State a copy of its charter, etc.   Section 3, after providing that every such corporation, which neglects to comply with the conditions of the act, shall be subject to a fine and prosecution upon the report of the Secretary of State as to its failure to comply with the law, contains the following words: "In addition to which penalty, on and after the going into effect of this act, no foreign corporation, as above defined, which shall fail to comply with this act, can maintain any suit or action, either legal or equitable, in any of the courts of this State upon any demand, whether arising out of contract or tort." (Laws of Ill. 1897, p. 175).

The contention of the appellant is, that the appellee had no right to bring this foreclosure suit, because it did not show that it had complied with the terms of the act of May 26, 1897.

There is no certificate of evidence in the case; and it is a well settled rule that, where the evidence is not preserved in the record either by a bill of exceptions or by a certificate of evidence, the facts recited in the decree must be taken to have been found upon sufficient evidence. (*Schuler* v. *Hogan*, 168 Ill. 369; *Knickerbocker* v. *McKindley Coal Co.* 172 id. 543).   The decree finds, that the cause came on to be heard upon the pleadings and upon the proofs and exhibits, and upon the report of the master; that all the parties were properly before the court; that the court had jurisdiction of the subject matter and of the parties; that all the material allegations of the bill were proved, and that there was due complainant $31,092.85 and interest, together with $200.00 solicitor's fees, under the provisions of the instrument sued upon.

We stop not to inquire whether or not the defendants below should have stood by their plea when it was

overruled by the court, instead of filing an answer; nor whether the defendants, by answering all the allegations of the bill fully as to the merits, did in effect overrule their own plea. Without passing upon any of these technical points, we proceed to the question of law, which arises upon the plea itself.

It will be noticed, that the note and mortgage in this case were executed on May 1, 1893, and that the $25,-000.00, borrowed upon the security of that note and mortgage, were paid to the makers thereof on or about May 1, 1893, whereas the act of May 26, 1897, did not go into effect until four years after the securities were made and the money was loaned.

When the mortgage was made and the money was loaned, the act of April 9, 1875, entitled "An act to enable corporations in other States and countries to lend money in Illinois, to enforce their securities and acquire title to real estate as security," was in full force and effect. The latter act provides: "That any corporation formed under the laws of any other State or country, and authorized by its charter to invest or loan money, may invest or loan money in this State. And any such corporation that may have invested or lent money as aforesaid, may have the same rights and powers for the recovery thereof, subject to the same penalties for usury, as private persons, citizens of this State; and when a sale is made under any judgment, decree or power in a mortgage or deed, such corporation may purchase, in its corporate name, the property offered for sale, and become vested with the title wherever a natural person might do so in like cases," subject to certain provisos, which need not be here set forth. This act of 1875, with a slight amendment, was re-enacted on May 24, 1897, by the same legislature, and at the same session of the legislature, which passed the act of May 26, 1897. (Hurd's Stat. of Ill. of 1899, pp. 445, 446).

Under the law of 1875 the appellee was authorized to make this loan, and it had the same right to sue for the recovery thereof, as any private person and citizen of this State had. The question then arises, whether the appellee's right to make the loan on May 1, 1893, and to institute a proceeding in the courts of this State for its recovery in case of non-payment, was taken away by the act of May 26, 1897.

It is contended by the appellant, that the act of May 26, 1897, has reference merely to the remedy, and does not impair any contract, which may have existed between the State and the appellee. It is true, that "whatever belongs merely to the remedy may be altered according to the will of the State, provided the alteration does not impair the obligation of the contract; but if that effect is produced, it is immaterial whether it is done by acting on the remedy or directly on the contract itself; in either case it is prohibited by the constitution." (*Fisher* v. *Green*, 142 Ill. 80). In other words, remedies, existing at the time the contract is made, cannot be impaired, so as to materially lessen the value of the contract, by subsequent law. (Ibid.)˙ The legislature may enlarge, limit or alter modes of proceeding, which are instituted to enforce a contract, but it cannot deny a remedy altogether, or so embarrass a remedy with conditions or restrictions, as seriously to impair the value of the right conferred by the contract. (*Tennessee* v. *Sneed*, 96 U. S. 69.) In *Edwards* v. *Kearzey*, 96 U. S. 595, the Supreme Court of the United States held as follows: "The remedy subsisting in a State when and where a contract is made, and is to be performed, is a part of its obligation; and any subsequent law of the State, which so affects that remedy as substantially to impair and lessen the value of the contract, is forbidden by the constitution of the United States, and therefore void." Again, in *Louisiana* v. *New Orleans*, 102 U. S. 203, the same court held, that "the obligation of contracts is impaired by such legislation as

lessens the efficiency of the remedy, which the law, in force at the time they were made, provided for enforcing them." In *Walker* v. *Whitehead*, 16 Wall. 314, it was said by the same court: "The remedy or means of enforcing a contract is a part of that 'obligation' of a contract, which the constitution protects against being impaired by any law passed by a State." In *Field* v. *Brokaw*, 148 Ill. 654, the doctrine of *Fisher* v. *Green, supra*, was referred to and approved, and it was there held that the statutes there referred to did not have retrospective operation.

In the case at bar, the act of May 26, 1897, cannot be given a retroactive operation, so as to apply to the mortgage executed to the appellee on May 1, 1893. If the act were held to have such retroactive operation, it would so seriously clog and embarrass the appellee's remedy, as to materially impair the obligation of its contract, and come within the inhibition of both the State and Federal constitutions. Indeed, such application would actually amount to a denial of any remedy. The right, which the appellee had, under the act of 1875, to loan its money in this State, and to institute a proceeding for the recovery thereof in this State, will certainly be so embarrassed with conditions and restrictions as seriously to impair its value, if the appellee is now to be required, before it can maintain any action in court for the recovery of its money, to comply with the provisions of the act of May 26, 1897, as they are set out in the statement preceding this opinion.

It is not necessary, however, to give the act in question such a construction as will cause it to impair the obligation of a contract, made before its enactment. A careful examination of the language of the act will lead to the conclusion, that it was intended to take effect only upon causes of action and demands, arising after its passage. Statutes are prospective, and will not be construed to have retroactive operation, unless the language employed is so clear that it will admit of no other construc-

tion. (*Bauer Grocer Co.* v. *Zelle*, 172 Ill. 407). In *Rock Island Nat. Bank* v. *Thompson*, 173 Ill. 593, we said (p. 606): "There is nothing in either of said statutes indicating they were intended to have a retroactive operation, or were to apply to judgments which had already become liens upon real estate under prior laws. The language all refers to the future. Retrospective laws are not looked upon with favor. Statutes are usually construed as operating on cases which come into existence after the statutes are passed, unless a retrospective effect is clearly intended." (See also *Fisher* v. *Green, supra; People* v. *McClellan*, 137 Ill. 352.) In the latter case, it was said that, "although the words of the statute are broad enough, in their literal extent, to comprehend existing cases, they must yet be construed as applicable only to cases that may thereafter arise, unless a contrary intention is unequivocally expressed therein."

So it may be said in reference to the act of May 26, 1897, that there is nothing in its language, indicating that it was to have a retroactive operation, and prevent actions on contracts previously made, or for the enforcement and protection of vested rights. The terms of the act, construed in accordance with the rules of construction above announced, apply to the future, and not to the past.

For the reasons above stated, we are of the opinion that the plea did not set up a valid defense to the prosecution of this foreclosure proceeding, and that the circuit court did not err in overruling the plea.

Accordingly, the judgment of the Appellate Court, affirming the decree of the circuit court, is affirmed.

*Judgment affirmed.*

This case was originally assigned to the late Justice PHILLIPS, but as he prepared no opinion, the case has been re-assigned since his death.