# Universal Portland Cement Company and Concrete Steel Products Company, Appellants, v. Sisters of Charity of St. Joseph, State of Illinois, Appellee.

## Gen. No. 25,101.

1. MECHANICS' LIENS, § 195*—*when general contract is admissible in evidence in foreclosure proceeding.* In a proceeding to foreclose a mechanic's lien for the value of materials furnished under a contract with the general contractor, the general contract is admissible in evidence, without regard to whether or not section 21 of the Mechanics' Lien Law in force July 1, 1913 (Call. 1916 Stat. ¶ 7159), which was subsequent to the date of the contract and subcontract, operates retroactively.

2. MECHANICS' LIENS, § 5*—*how lien laws are to be construed.* Mechanics' liens laws are in derogation of the common law and are to be strictly construed when in conflict therewith.

3. MECHANICS' LIENS, § 5*—*right to indulge presumption in construing lien laws.* In construing mechanics' liens laws, no presumption can be indulged as being included which does not specifically appear.

4. MECHANICS' LIENS, § 5*—*retroactive effect of amendatory law of 1913.* Section 21 of the Mechanic's Lien Law in force July 1, 1913 (Call. 1916 Stat. ¶ 7159), is not to be given a retroactive effect so as to make it applicable to contracts executed before it went into effect, but the rights of the parties to such contracts are to be adjudged according to the law in effect when they were executed.

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in this court at the March term, 1919. Affirmed. Opinion filed December 8, 1919. Rehearing denied December 22, 1919.

KNAPP & CAMPBELL and ASHCRAFT & ASHCRAFT, for appellants; JOHN R. COCHRAN, of counsel.

FISHER, BOYDEN, KALES & BELL and FRANK A. O'DONNELL, for appellee; J. F. DAMMANN, JR., of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE HOLDOM delivered the opinion of the court.

In this proceeding an attempt is made by the petitioners to foreclose a mechanic's lien for the value of certain materials furnished under a contract with the general contractor. The general contractor made default in his contract and the Sisters of Charity proceeded to and did complete the structure contracted to be erected and completed by such general contractor, after payment for which there remained no money due to the general contractor for work done and materials furnished under his contract with the Sisters of Charity. There is no controversy regarding the amount due the petitioners in the event they are entitled to maintain their respective liens.

The original contract was made by the Sisters of Charity with McEvoy & Company and is dated May 2, 1913. Work under this contract was commenced on the 12th day of the same month. The contract between McEvoy & Company and the appellant, the Universal Portland Cement Company, was in writing and was executed May 8, 1913. Work under that contract was commenced on the 31st day of the same month. The contract with the other appellant, the Concrete Steel Products Company, was made with McEvoy & Company, dated May 8, 1913, and work commenced thereunder the same day. All work and material furnished by appellants were done and furnished under the terms of these two contracts. On a hearing under a stipulation of fact appellants' petitions were dismissed. In an attempt to reverse the decree dismissing the petitions, appellants bring the record before us for review.

The general contract with McEvoy & Company is written upon a printed form. The following provision, however, is not contained in the printed portion of the form, but is typed therein, and is the provision here in dispute. It reads:

"The work called for by this contract, and any part thereof, shall be delivered free from any and all liens,

claims or encumbrances whatsoever, against the right, title and interest of the party of the second part.''

Prior to the date of these contracts the courts of review in this State had construed the phrase, ''shall be delivered free from any and all liens, claims or encumbrances whatsoever, against the right, title and interest,'' etc., to mean that no materialman or subcontractor could maintain a lien against the property; that they were relegated to the general contractor for their remedy. *W. W. Brown Const. Co. v. Central Illinois Const. Co.*, 234 Ill. 397.

Appellants rely upon section 21, chap. 82, Mechanics' Liens Act (Call. 1916 Stat. ¶ 7159) which went into force on July 1 subsequent to the date of the contract, and two subcontracts above mentioned. While section 21 leaves such a contract binding upon the parties to it as theretofore against a subcontractor or materialman, it enacts a new rule of evidence which makes it necessary to prove, before a subcontractor or materialman can be concluded by such provision in the general contract, one of the following facts: (1) Actual notice to the subcontractor ''before any labor or material is furnished by him''; and (2) constructive notice by recording in the office of the recorder of deeds the contract prior to the commencement of the work upon the house or building, etc., or within 10 days after the execution of the principal contract, or not less than 10 days prior to the contract of the subcontractor.

Appellants insist that the 1913 statute must be given a retroactive effect and held to control the rights of the parties to this litigation. Appellants say that the two questions presented by this appeal are: First: Assuming that the legal effect of the contract between the appellee and the principal contractor is that no lien may be filed or maintained by any one, was the contract admissible in evidence against appellants under section 21 of the 1913 Act? Second: Is the contract between appellee and the principal contractor one, the legal effect of which is that no lien may be filed or

maintained by any one against the property of the appellee?

These questions, however, resolve themselves into but one proposition, viz.: Is the 1913 statute in its effect retroactive and therefore available to appellants?

Appellants' counsel, contending that the 1913 Act was available, objected to the admission of the contract with the general contractor; and the trial judge, holding that it was not available to appellants, admitted the contract in evidence.

Aside from any question of the application of the 1913 Act, the contract was admissible in evidence and necessarily so, as a foundation to support the contracts of appellants with the general contractor; without it appellants might be held to stand in the position of volunteers. If the law of 1913 governed the contract, then as a matter of law the clause above recited would be inoperative and impotent as a defense to the claims of appellants; therefore the contract, under any theory advanced by appellants, was admissible in evidence.

The effect of the clause in the McEvoy contract in the then condition of the statute was a matter for the court to decide, as well as its effect, if any, upon the rights of the parties, including appellants. If the rights of the parties are to be determined under the law as it stood at the time of the entering into the contract and the subcontracts found in the record, then the action of the trial judge was right; but, on the contrary, if the rights of the parties are to be adjudged in purview of section 21 of the Act of 1913 (J. & A. ¶ 7159), then he was wrong and the appellants would have the right to foreclose their dual mechanics' liens.

It is well to bear in mind that all mechanics' lien laws are in derogation of the common law and that therefore wherever they conflict with the common law, they are to be strictly construed. No presumption can be indulged as being included which does not specif-

ically appear.  *Joseph N. Eisendrath Co. v. Gebhardt,* 222 Ill. 113.

Section 21 of the Act of 1913 does not affect the remedy for the enforcement of the lien. The procedure is the same in every essential particular under the 1913 Act as before. However, the legislature saw fit to annul the decisions of the Supreme Court in construing a clause in a building contract similar to the one in dispute before us and to provide that after July 1, 1913, such a clause in a contract would not be effective unless the subcontractor had notice thereof, actual or constructive, in the ways pointed out by the act. It was not an attempt by the legislature to impair or destroy the force of contracts already in existence before the act went into effect, for if it had, such act would be abortive as infringing the constitutional right of contract. What the act really did was to change the rule of evidence on that subject. This rule is well stated in Corpus Juris, 1082, par. 771, thus:

"But where a contract is valid when entered into, a subsequent statute relating to the rules of evidence is void if it requires such proof of the contract as makes it impossible of legal proof, or so burdens the party in making proof as to render the contract practically impossible of proof and therefore worthless in a legal tribunal."

If the statute had the effect claimed by appellants it would be void on constitutional grounds; for as said in *Fisher v. Green,* 142 Ill. 80:

"Whatever belongs merely to the remedy may be altered according to the will of the State, provided the alteration does not impair the obligation of the contract. But if that effect is produced, it is immaterial whether it is done by acting on the remedy or directly on the contract itself. In either case it is prohibited by the Constitution." *Green v. Biddle,* 8 Wheat. (U. S.) 1; *Richardson v. United States Mortgage & Trust Co.,* 194 Ill. 259; *Bronson v. Kinzie,* 42 U. S. 311.

The case of *Howard v. American Boiler Co.,* 68 Ill. App. 566, is very similar on fact and principle to the

168 APPELLATE COURTS OF ILLINOIS.

Univ. Port. Cement Co. et al. v. Sisters of Charity, 216 Ill. App. 163.

one at bar, involving as it did the right to invoke an act in force subsequent to the making of the contract in dispute. The court said:

"The law under consideration went into force June 26, 1895. The provisions of this law—requiring that within ten days after a contract is made, the owner shall require, and the contractor shall give, a verified statement of the names and addresses of all persons having subcontracts, etc.,—are not retroactive so as to cover contracts made in the previous April or May. It was impossible, after June 26, 1895, to have, within ten days of the making of the contract, April or May, 1895, given a verified statement of the names and addresses of persons having subcontracts. The law never requires impossibilities."

So in this case it would be impossible to apply section 21 of the 1913 Act and give retroactive effect to it, because the time for doing the things required by section 21 passed between the date of the contracts and the going into effect of the act.

What we have said regarding the constitutionality of the provision of the 1913 Act, if given retroactive effect, is made simply *in arguendo*, as this court has no jurisdiction to pass upon the constitutionality of legislative acts.

We therefore hold that the rights of the parties in this litigation are to be adjudged as the law existed at the time the several contracts in the record were executed, and that section 21 of the Act of 1913 was not available to either party. Under the law as it existed at the time appellants entered into their contracts with McEvoy & Company, the provision in the contract of the Sisters of Charity with McEvoy & Company, making the contract in effect a nonlien contract, was binding on the parties and decisive of the rights of appellants, precluding them from maintaining any mechanic's lien for any work done or materials furnished by them under their respective contracts with McEvoy & Company.

The decree of the Superior Court is affirmed.

*Affirmed.*