(No. 21795.—

THE PEOPLE *ex rel.* Joseph B. McDonough, County Collector, Appellee, *vs.* GEORGE W. REINECKE *et al.* Appellants.

*Opinion filed December 22, 1933.*

WATKINS & TENHOOR, for appellants.

THOMAS J. COURTNEY, State's Attorney, (HAYDEN N. BELL, ROBERT S. CUSHMAN, LOUIS H. GEIMAN, and JOHN E. PEDDERSON, of counsel,) for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

This is an appeal from a judgment and order of sale entered by the county court of Cook county against the real estate of the appellants for general taxes for the year 1930.

An application for judgment and order of sale against all delinquent real estate in Cook county for taxes for the year 1930 was made by the county collector on July 11, 1932. The county court entered an order directing that all objections to such judgment and order of sale be filed by July 16, 1932, and on that day extended the time for

filing objections to the 22d day of July, 1932. On July 19, 1932, the 95 appellants filed their objection in common with approximately 28,000 other persons. On July 23, 1932, an order of judgment and sale was entered on the application of the county collector against all real estate in Cook county on which taxes were delinquent for the year 1930, excepting from the judgment and order of sale all taxes against lands on which judgment had been denied or "final judgment has been prevented thereon for any reason, as shown by the orders of this court."

The hearing on the objection in question was held on November 1, 1932. This objection comprises fourteen printed pages as abstracted. In substance it alleged the existence and pursuit of a deliberate and fraudulent conspiracy of the Illinois Tax Commission, the board of review and the board of assessors of Cook county to systematically and intentionally discriminate against real estate and in favor of personal property, in violation of the uniformity clause of the Illinois constitution and in contravention of the fourteenth amendment to the constitution of the United States; that on April 1, 1930, taxable real estate constituted twenty-three per cent and taxable personal property seventy-seven per cent of the total taxable property in Cook county; that the taxing bodies imposed eighty-two per cent of the total assessment for the year 1930 upon real estate and eighteen per cent upon personal property; that a demand was served upon the board of assessors while it still had the assessment books in its hands, demanding that it assess specified omitted and underassessed groups of personal property but that this demand was totally disregarded; that this board, before the hearing of complaints was begun, totaled the assessment books, ordered them locked in the vaults and ordered that no corrections or revisions be made in them, and none were made. The objection continues: That a similar demand was served upon the board of review; that this board nevertheless re-

duced the assessment of personal property $175,000,000; that the taxing bodies used thirty-seven per cent as the equalizing factor; that it was its duty to assess all property at this proportion of its fair cash value; that the "assessment" (valuation) made by the board of assessors and the board of review for 1930 on real estate was $3,459,088,569 (eighty-two per cent) and on personal property was $769,842,262 (eighteen per cent); that the fair cash value of all real estate in Cook county for 1930 was $6,000,000,000 and of personal property was $20,000,000,000, which facts were known by the taxing bodies; that any appeal to these bodies for a correction of the inadequate assessments of personal property was futile and was made so through the fraud of these taxing boards; that 5000 of the objectors did file complaints before the board of review but that no one was granted relief against the fraud of the taxing bodies; that all of the property omitted was taxable personal property located in Cook county on April 1, 1930, and it did not include any property exempt from taxation under any State or Federal law. The objection recites that a judgment awarding a writ of *mandamus* was entered in People *ex rel.* Koester v. The Board of Review, in the superior court of Cook county, directing the assessment of taxable personal property of the value of $15,000,000,000 omitted from the assessment for the year 1930; that if this property were included its assessment would reduce the tax rate on the objectors' property by seventy-four per cent; that in 1928 the fair cash value of all taxable real estate in Cook county was $10,000,000,000; that this had depreciated forty per cent by April 1, 1930, and that the board of review knew of this decrease but took the 1928 value as the value for 1930.

The county collector moved to quash the objection of the appellants, and for the purpose of the motion admitted that the facts set forth therein were true. Counsel for the

objectors were permitted to supplement the objection with an offer of proof, which as abstracted comprises seventeen and one-half pages. It elaborates upon the allegations contained in the objection, the substance of which has been set out. The burden of both the objection and the offer is, that appellants' real estate was discriminated against in the assessment by the omission and under-valuation of personal property. To the offer the county collector filed a written reply, in which he admitted only the material, relevant and competent facts contained in it but challenged the materiality of any of the facts set out, and asserted that all the issues made by the objectors had previously been adjudicated against them by decisions of the Supreme Courts of the United States and of this court. The county court then overruled the objection of appellants and pronounced judgment of sale against their real estate.

The appellants state that there are two issues presented by this case: (1) Is the deliberate, systematic and intentional omission and under-assessment of personal property by the assessing officers a defense to the application of the county collector for judgment and an order of sale against real estate to the extent of the excessive portion of the burden thereby put upon real estate? and (2) is the systematic and intentional over-valuation of real estate a valid defense to the extent of the excessive valuation?

The objection does not contain an allegation that any of the 95 appellants filed a complaint of over-assessment as to real estate with the board of review or that a hearing was denied them on such complaint. No allegation is made in the objection that any of the appellants attempted to compel the board of review to grant a hearing of such complaint by a *mandamus* action, although in the first instance it is alleged that approximately 5000 of the 28,000 objectors did file such complaints with that board, and in the second instance, that a *mandamus* suit was filed in the superior court by an objector named Koester, the decision

of which court was in fact later reversed by this court in *People* v. *Board of Review,* 351 Ill. 301.

The questions can be consolidated into one. It is, Can these appellants assume the existence of a conspiracy on the part of the Illinois Tax Commission, the board of assessors and the board of review of Cook county because nothing was done under the statute with reference to the over-assessment of their real estate by the two latter boards, rely upon a stranger's *mandamus* action against the board of review to compel it to assess personal property which had been omitted or under-assessed, and then resist an application for judgment and order of sale of real estate for delinquent taxes on the ground of fraud?

*Bistor* v. *McDonough,* 348 Ill. 624, a bill for injunction; *People* v. *Cesar,* 349 id. 372, an objection to an application for judgment and sale on the part of the county collector; *Koester* v. *McDonough,* 351 id. 492, a bill for injunction, and *People* v. *Board of Review,* 351 id. 301, a petition for the writ of *mandamus,* fully review the authorities necessary to a decision of this case and we need not here repeat them. The decisions of the United States Supreme Court and of this court are fully discussed in those decisions.

What we said in *People* v. *Cesar, supra,* at page 381, is controlling here: "Objector made no attempt in a court of law, by *mandamus,* to compel the board of review to give her a hearing upon her complaint, and under the repeated decisions of this court she thereby waived her right to raise the question of over-assessment of her property in the county court upon application of the county collector for judgment for delinquent taxes. Upon the neglect or refusal of the board of review to review an alleged fraudulent assessment of taxable property the owner's remedy is *mandamus* to compel the board to act, and the fact that the property owner believes that he will be unable to procure a writ of *mandamus* to compel the board to review his

356

alleged fraudulent assessment before he will be compelled to pay the tax is not an excuse for failing to apply for the writ and seeking to enjoin the tax in the first instance. (*New Haven Clock Co.* v. *Kochersperger,* 175 Ill. 383; *Bistor* v. *McDonough,* 348 id. 624.) * * * While the legislature cannot deny a remedy altogether for a citizen's grievance against an official or so embarrass a remedy with restrictions as to seriously impair the value thereof; it may enlarge, limit or alter modes of procedure with reference thereto. (*Richardson* v. *United States Mortgage and Trust Co.* 194 Ill. 259.) No citizen has a vested right in any method of remedial procedure, but such method may be changed from time to time so long as no vested right as to liability is disturbed, and the remedy given by law must in all cases be pursued. (*Newland* v. *Marsh,* 19 Ill. 376; *Williams* v. *Waldo,* 3 Scam. 264.) The law having provided a tax-payer with a complete remedy for an over-valuation of his property, the county court, not being invested with the power of assessing property, is without power to consider the question of over-valuation or under-valuation of property on an application for a judgment for delinquent taxes. Objector having been furnished with a complete remedy at law, of which she did not avail herself, cannot successfully maintain in this proceeding that her property was attempted to be taken without due process of law, in violation of her constitutional rights."

From aught that appears, the objectors in this case were not among the 5000 who filed their complaints with the board of review, although it does appear that they joined in the demand on the board of assessors and the board of review that these bodies assess omitted and under-valued personal property. We therefore hold that the county court of Cook county was correct in overruling the objection of the appellants and in entering judgment against their real estate and ordering it sold for the payment of the 1930 general taxes.            *Judgment affirmed.*