(No. 26146.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.* THE SOUTHWESTERN BELL TELEPHONE COMPANY, Appellee.

*Opinion filed June 13, 1941—Rehearing denied September 15, 1941.*

MURPHY, C.J., and STONE and SMITH, JJ., dissenting.

LOUIS P. ZERWECK, State's Attorney, and KEVIN KANE, Civil Attorney, (JOHN J. DRISCOLL, of counsel,) for appellant.

KRAMER, CAMPBELL, COSTELLO & WIECHERT, (EARL H. PAINTER, and JOHN MOHLER, of counsel,) for appellee.

Mr. JUSTICE SHAW delivered the opinion of the court:

This is an action to recover certain delinquent personal property taxes levied under the assessment of 1938 in St. Clair county against the personal property of the appellee, the Southwestern Bell Telephone Company. The circuit court found that the personal property taxes of the appellee were excessive, illegal, and unconstitutional for failure to comply with the uniformity provision of the State constitution, and entered judgment in favor of the appellee. The case is before us on direct appeal, the public revenue being involved.

The People aver in their complaint that the general taxes levied for the year 1938 against the personal property of appellee amounted to $76,422.38 and of that amount appellee paid $58,223.38, withholding the sum of $18,200 from payment. In answer, the appellee denied these allegations and set up the further defense that it paid taxes on its personal property on assessment based upon an equalization factor of thirty per cent. Appellee attempts to justify this payment on the ground that the board of review, in decreasing the value of real estate by twenty per cent, employed an equalization factor of thirty per cent on real property, and, therefore, should have applied the same equalization factor on personal property in order to conform with the uniformity provisions of the State constitution.

According to a stipulation entered into by the parties to the action, the appellant made out a *prima facie* case for the recovery of $15,285.05. It was further stipulated, on trial, that appellee returned its personal property schedule

in 1938 in an amount of $3,045,122; that the board of assessors and the board of review, for the year 1938, equalized appellee's personal property assessment at forty per cent of its full fair cash market value; that the board of review, in the same year, made a horizontal reduction of twenty per cent in the assessed valuation of practically all of the real estate and improvements in said county, which reduced the equalization factor for real estate and improvements in the county to a percentage of thirty-two per cent or less, and that the State Tax Commission, for the same year, employed an equalization factor of thirty per cent in St. Clair county in the assessment of railroads, railroad property and capital stock.

The issue presented by this record is whether the reduction of twenty per cent in the assessed valuation of real property by the board of review, without applying the same reduction to the assessed valuation of personal property, violates section 1 of article 9, of the State constitution. This article provides: "The General Assembly shall provide such revenue as may be needful by levying a tax, by valuation, so that every person and corporation shall pay a tax in proportion to his, her, or its property," etc.

Appellee erroneously assumed that the reduction ordered by the board of review is a revision of the equalization factor employed against real estate from the figure of forty per cent to thirty-two per cent. From this assumption, appellee argues that the same equalization factor should be applied to its personal property, and that any assessment of its personal property in excess of thirty-two per cent violates the uniformity clause of the State constitution. A reading of the minutes of the meeting of the board of review in which the reduction of the assessed valuation of real property was ordered indicates that the only action intended by the board was a reduction in the assessed valuation of real property. Those minutes read: "By unanimous vote the Board of Review orders a general reduction of 20% in

assessed value on all lands, lots, and improvements in St. Clair county." To conclude from this statement that the board applied an equalization factor to the assessed valuation of real property is unwarranted. The action of the board simply constituted an exercise of the power to reduce the assessment of real or personal property granted to it by the legislature. The Revenue act, (Ill. Rev. Stat. 1937, chap. 120, par. 314,) in effect in 1938, provided that the board of review shall *"increase or reduce the entire assessment of either real or personal property, or both,* or of any class included therein if, in their opinion, the assessment has not been made upon the proper basis, or equalize the assessment of real or personal property, by increasing or reducing the amount thereof in any township, or part thereof, or any portion of the county as may, in their opinion, be just," etc. We have held on several occasions that under this section, or provisions similar to it, the board of review may, in any year when an assessment does not represent a fair valuation of the property assessed, increase or reduce it so as to make a just assessment. *People* v. *St. Louis Bridge Co.* 281 Ill. 462; *People* v. *Orvis,* 301 id. 350; *People* v. *Schlitz Transfer Co.* 333 id. 333.

The question then arises as to whether the power to reduce the assessment of one type of property without applying a like reduction to another type of property is repugnant to the uniformity requirement of our State constitution. This court has always recognized that all laws relating to taxation and the enforcement thereof by taxing bodies are subject to the requirements of equality and uniformity of taxation. We have construed the command for uniformity to mean that taxation must be uniform as to the class upon which it operates and that the uniformity demanded applies to property of like kind and character and similarly situated. (*People* v. *Wiggins Ferry Co.* 357 Ill. 173; *People* v. *Olympia Fields Country Club,* 374 id. 101.) The legislature, by its express provision in the statute quoted above, authorized the boards of review to

reduce the assessed valuation of either real or personal property. This power was granted not contrary to, but in compliance with, the constitutional rule of uniformity. By it, the boards of review are enabled to achieve a uniformity which might not otherwise be attained. The reduction of the assessed valuation of real property affects all members of the class of real property owners alike. It does not impose a burden on any one or group of real property owners but applies to all of the class similarly situated. The constitution does not prohibit a classification of property and taxpayers. (*Coal Run Coal Co.* v. *Finlen*, 124 Ill. 666.) The reduction of the assessed valuation of real property was not void because repugnant to the uniformity provision of the State constitution.

The judgment of the circuit court of St. Clair county is therefore reversed and the cause remanded, with directions to enter judgment for the plaintiff.

*Reversed and remanded, with directions.*

STONE and SMITH, JJ., dissenting:

We dissent from this opinion on the ground that it appears from the stipulation of the parties, on which the case was tried, that the board of review reduced the equalization factor for real estate and improvements in the county to a percentage of thirty-two per cent or less, and made no such reduction as to personal property. This was a clear violation of the uniformity clause in section 1 of article 9 of our constitution.

Mr. CHIEF JUSTICE MURPHY, also dissenting:

I cannot agree with the majority opinion, not only for the reason assigned in the foregoing dissent, but also for the further reason that the language of the opinion seems to imply that section 1 of article 9 of our constitution does not require uniformity in debasing assessed valuations as between various classes of property.