(No. 33197.—
ERNEST T. BUDBERG *et al.,* Appellees, *vs.* THE COUNTY OF SANGAMON *et al.,* Appellants.

*Opinion filed November 18, 1954—Rehearing denied Jan. 18, 1955.*

GEORGE P. COUTRAKON, State's Attorney, and THOMAS W. HOOPES, both of Springfield, for appellants.

LONDRIGAN & LONDRIGAN, of Springfield, for appellees.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

Plaintiffs are the owners of leasehold interests in lands which border on Lake Springfield in Sangamon County. By this action they sought to enjoin the county and certain of its tax assessing and collection officials from collecting fifty per cent of their real estate taxes for the year 1953. Defendants' motion to dismiss the complaint was denied, and when they elected to stand by their motion, a decree was entered granting the relief sought. Defendants appeal.

The complaint alleges that in 1951 the township assessor for Woodside Township made the quadrennial assessment of all real estate located in the township, "and assessed the value of plaintiffs' respective properties upon an equal and uniform basis with that of other property owners in said Township." It further alleges that thereafter in 1951 the board of review of Sangamon County "arbitrarily increased the valuation fixed by the duly elected and qualified tax assessor upon plaintiffs' property, and that of all other lake leaseholders living in Woodside Township, by 100 per cent," but did not increase the assessed value of other property in the township. It appears from exhibits attached to the complaint that the land of the plaintiffs, and other

land bordering on Lake Springfield, is owned by the city of Springfield, and leased for occupancy on long term leases.

Because numerous decisions of this court have discussed the propriety of the exercise of equity jurisdiction to enjoin the collection of taxes, we turn at once to a consideration of the principles which those decisions have established. It is settled that equity will not interfere to enjoin the collection of a tax unless the tax is laid upon exempt property, or is not authorized by law, (*Owens-Illinois Glass Co.* v. *McKibbin,* 385 Ill. 245; *Goodyear Tire and Rubber Co.* v. *Tierney,* 411 Ill. 421,) or is levied upon a fraudulently excessive valuation. (*Porter* v. *Rockford, Rock Island and St. Louis Railroad Co.* 76 Ill. 561; *Bistor* v. *McDonough,* 348 Ill. 624; *Ames* v. *Schlaeger,* 386 Ill. 160.) And where relief is sought upon the ground that an assessment is fraudulently excessive the plaintiff must not only allege actual fraud, or that the assessment is so grossly excessive as to be constructively fraudulent, but he is required also to show that he has been diligent in pursuing his remedy to have the assessment corrected by the board of review or that he was prevented from pursuing that remedy by fraud, accident or mistake. (*Bistor* v. *McDonough,* 348 Ill. 624; *6922 Jeffery Apartment Building Corp.* v. *Harding,* 347 Ill. 336; *Kinderman* v. *Harding,* 345 Ill. 237; *People ex rel. Harding* v. *Hart,* 332 Ill. 467.) Should the board of review neglect or refuse to act upon a complaint of an alleged fraudulent assessment of taxable property, the owner's remedy is *mandamus* to compel the board to act, and the fact that the property owner believes that he will be unable to procure a writ of *mandamus* to compel the board to review his alleged fraudulent assessment before he will be compelled to pay the tax does not afford an excuse for failing to apply for the writ and seeking to enjoin the tax in the first instance. *People ex rel. McDonough* v. *Schmuhl,* 359 Ill. 446; *People ex rel. McDonough* v. *Reinecke,* 354 Ill. 351; *People ex rel. McDonough* v. *Cesar*

349 Ill. 372; *Bistor v. McDonough*, 348 Ill. 624; *New Haven Clock Co. v. Kochersperger*, 175 Ill. 383.

Authority to levy the taxes here in question is not challenged, and there is no claim that the property is exempt. While it is alleged that the increased valuations placed upon plaintiffs' property by the board of review in 1951 were fraudulent, there is no allegation that the plaintiffs filed any complaints or objections with the board of review with respect to the assessment of their property for 1953 taxes.

Plaintiffs' basic contention is that the action of the board of review in increasing the valuations of all lake leasehold property in the township was void. It is first asserted the motion to dismiss admits the allegation that the property of plaintiffs and other lake leaseholders was originally assessed by the township assessor upon an equal and uniform basis with other property in the township. Since there are 4000 owners of real property in Woodside Township, only 400 of whom are lake leaseholders, it is said that there could have been no basis or justification for any increase by the board of review in the valuation of plaintiffs' property, and that the increased valuation fixed by the board makes the assessment of their property disproportionate to the assessment of other property and deprives them of due process and of equal protection of the law.

The board of review is authorized by section 108 of the Revenue Act (Ill. Rev. Stat. 1953, chap. 120, par. 589,) to: "(5) Increase or reduce the entire assessment of either real or personal property, or both, or of any class included therein if, in its opinion, the assessment has not been made upon the proper basis, or equalize the assessment of real or personal property, by increasing or reducing the amount thereof, in any township, or part thereof, or any portion of the county as may, in its opinion, be just, but the assessment of any class of property or of any township or part

thereof, or any portion of the county, shall not be increased until the board shall have notified not less than fifty of the owners of such property in such township, or part thereof, or portion of the county of such proposed increase and given them, or any one representing them or other citizens of said territory, an opportunity to be heard." It appears from the complaint and the attached exhibits that the required notices were given, and that a hearing was had before the board. From the minutes of the hearing it appears that the board considered that the lake leasehold properties and the improvements thereon "were not assessed on any basis comparable with any other property in the City [of Springfield] or County."

In our opinion the contention of the plaintiffs cannot be sustained. The property with which the board of appeals was concerned is unique both physically and legally. It borders on the lake, and it is occupied under long term leases from the city of Springfield. It seems clearly to be a separate "class of property" within the meaning of the statute. The statute contemplates that the assessment returned by the assessor may not be made upon the proper basis and for that reason authorizes the board to revise it. Similar provisions for revision of the assessments made by township assessors by a board of review or some like agency are familiar. (*People* v. *Southwestern Bell Telephone Co.* 377 Ill. 303; *People ex rel. Little* v. *St. Louis Merchants Bridge Co.* 291 Ill. 95; *American Express Co.* v. *Raymond,* 189 Ill. 232.) The board of review is not required to hear evidence in order to revise assessments, but may act on its own knowledge. (*People ex rel. Bracher* v. *Millard,* 307 Ill. 556; *People* v. *St. Louis Merchants Bridge Co.* 291 Ill. 95; *Earle & Wilson* v. *Raymond,* 188 Ill. 15.) To hold that equity jurisdiction can be invoked by a complaint which asserts only the conclusion of the taxpayer that the original assessment returned by the township assessor was uniform, would negative the responsibility which the

statute places upon the board of review to achieve uniform assessments by increasing or reducing "the assessment of any class of property." Furthermore, in this complaint, the allegation of the uniformity of the original assessment is qualified, if not negatived by a subsequent allegation that the assessor fixed the land valuations of lake leasehold property at "the nearest ten dollars of the first annual rental."

Apparently the plaintiffs paid their 1951 and 1952 taxes. From their complaint it affirmatively appears that they did not pursue their statutory remedy to have their 1953 assessments corrected by the board of review and that they were not prevented from so doing by fraud, accident or mistake. They do not allege that they filed either complaints or objections with the board of review with respect to the assessment for the year 1953. They do allege that on July 22, 1953, they presented to the county judge a "petition to adjust property valuations." On July 22 the county judge wrote to the board of review suggesting that the board adopt and make public a comprehensive and uniform formula in accordance with which it would review assessments, but rejecting the plaintiffs' suggestion that he request the board to reassess their property at the 1951 assessor's figure. The judge's letter to the board did not satisfy plaintiffs, who then wrote to the board inquiring what action it proposed to take with respect to the 100 per cent increase in the assessed valuations of their properties. On September 26, 1953, the county judge informed plaintiffs and other lake leaseholders that the board had agreed to revise all assessments of lake leasehold property, fixing the land value upon the basis originally used by the township assessor, and informing them further that they should submit notarized schedules to the board, supplying certain specified data concerning the improvements upon their property. The letter also stated that unless the data concerning improvements was furnished by October 20, 1953,

524

it would be assumed that no revision was requested. Certainly this letter of the county judge constitutes neither a complaint by plaintiffs to the board, nor an admission binding upon the board.

Plaintiffs refused to supply the board with the information requested because "The filing of the schedule requested might be construed as a withdrawal of our request that the valuation upon the improvements be returned to the amounts fixed by the tax assessor in 1951." Plaintiffs have been consistent, but mistaken, in their position that the assessment made by the township assessor in 1951 was conclusive. They refused to furnish information to the board of review except on the assurance that the. board would reduce the assessments to the amounts they insisted upon as the only proper amounts. Not only did plaintiffs fail to exhause their remedy before the board, but they have precluded themselves from obtaining equitable relief by their own arbitrary conduct.

The decree of the circuit court of Sangamon County is reversed and the cause remanded, with directions to sustain defendants' motion to dismiss the complaint.

*Reversed and remanded, with directions.*