(No. 48994.–

ROGER HOSKINS *et al.,* Appellees, v. JERRY ABBOTT, County Supervisor of Assessments, Appellant.

*Opinion filed November 30, 1977.*

Donald Knuckey, State's Attorney, of Henry (Robert A. Barnes, Jr., Special Assistant State's Attorney, of

Lacon, of counsel), for appellant.

Pace & McCuskey, of Lacon, for appellee.

MR. CHIEF JUSTICE WARD delivered the opinion of the court:

This appeal seeks to bring before us the question whether the supervisor of assessments in a county having fewer than 150,000 inhabitants has the power under section 46 of the Revenue Act of 1939, as amended in 1971 (Ill. Rev. Stat. 1975, ch. 120, par. 527), to increase the assessed value of real property above the figure at which it was assessed in the last preceding quadrennial assessment.

The plaintiffs, Robert and Judith Hoskins, filed a complaint in the circuit court of Marshall County against the defendant, Jerry Abbott, the county supervisor of assessments, seeking a writ of *mandamus* to require him to rescind an increase in the assessed value of real estate owned by the plaintiffs which was made by the defendant on July 1, 1976. The circuit court, without hearing evidence, ordered the writ to issue, the defendant took an appeal to the appellate court, and we allowed the defendant's motion to transfer the appeal to this court under Rule 302(b) (58 Ill. 2d R. 302(b)).

The complaint alleged as follows: The plaintiffs own a parcel of real estate in Hopewell Township in Marshall County. A quadrennial assessment took place in 1975 at which the assessed value of the property was increased from $4,400 to $6,330. On July 1, 1976, the plaintiffs received a written notice from the defendant that the 1976 assessed value of the property had been increased from $6,330 to $10,900. The notice of the change in assessed value, a copy of which was attached to the complaint, stated that a complaint to the county board of review by the plaintiffs might be made within 10 days.

The defendant admitted every allegation of fact in the complaint. The parties also entered into a stipulation that Marshall County has a population of less than 150,000 inhabitants; that the defendant, if called as a witness, would testify that he was appointed supervisor of assessments on October 1, 1975, that he did not make the 1975 real estate tax assessments, and that, in his opinion, some of them, including that made of the plaintiffs' property, were less than the one-third of fair cash value which is required by section 20 of the Act (Ill. Rev. Stat. 1975, ch. 120, par. 501).

The plaintiffs' challenge, as framed by the complaint, is that the supervisor of assessments wholly lacked the power to make this increase in their assessments during a nonquadrennial year.

Section 46, the section of the Revenue Act of 1939 immediately applicable to this case (Ill. Rev. Stat. 1975, ch. 120, par. 527), as amended in 1971 (1971 Ill. Laws 1159), reads as follows:

> "In counties containing less than 150,000 inhabitants, the assessors or supervisors of assessments shall not in any year, except the year of the quadrennial assessment, change the valuation of any real estate or improvements or the division thereof, except as provided *in this Section* and in Sections 37 and 44 of this Act. *The supervisor of assessments, the county assessor or the board of assessors of any county having fewer than 1,000,000 inhabitants, or the township assessor of any township in any such county, may in any year revise an assessment and correct such assessment as shall appear to him or them to be just.* \*\*\*" (Italics supplied.)

The italicized portions in the above quotation are those which were added by the 1971 amendment.

Section 37 (Ill. Rev. Stat. 1975, ch. 120, par. 518) provides for the reassessment of acreage land when it is subdivided. Section 44 (Ill. Rev. Stat. 1975, ch. 120, par. 525) directs the assessment in each year other than the quadrennial year of real property which has become

taxable since the last quadrennial, and directs a new assessment of property which has been improved or has suffered an injury in such a way as to increase or decrease its value. The complaint alleged, and the answer admitted, that the subject property had not been subdivided or improved between the date of the 1975 quadrennial assessment and the date of the 1976 notice. Thus neither section 37 nor section 44 is applicable here.

We do not reach the question of the defendant's power under section 46 to increase the assessment on the plaintiffs' property, however. For several reasons we hold that the complaint fails to state a cause of action.

Although the plaintiffs have chosen to cast their action in the form of a petition for a writ of *mandamus,* in substance and effect it is an action to enjoin the increase in assessment and ultimately the collection of any taxes based upon it. The relief sought is essentially of a negative rather than an affirmative character. The court pointed out in *People ex rel. Scott v. Kerner* (1965), 32 Ill. 2d 539, 543, however, that *mandamus* "is awarded to compel the performance of an affirmative duty, not to prohibit action." The opinion in that case then went on to quote approvingly the following statement made in *Ehrlich v. Village of Wilmette* (1935), 361 Ill. 213, 221: "[I]njunction and *mandamus* are not correlative remedies in the sense of being applicable to the same subject matter, the choice of the writ to be resorted to in a particular case depending upon whether there is an excess of action to be restrained or a defect to be supplied."

In our view the distinction between a suit for an injunction and a petition for a writ of *mandamus* is not merely a matter of labels. A complaint for injunction is a proceeding in equity, and in a proper case equitable defenses, such as *laches,* might be available.

*Mandamus* is an appropriate remedy where the object is to compel a body, such as a board of review, to grant a

hearing to a taxpayer where one is required by law. (*Budberg v. County of Sangamon* (1954), 4 Ill. 2d 518, 520; *People ex rel. Ahlschlager v. Board of Review of Cook County* (1933), 352 Ill. 157.) Under certain circumstances *mandamus* may also be proper to compel the assessment of omitted property. (*People ex rel. Village of Park Forest v. Cullerton* (1958), 13 Ill. 2d 575.) The writ is, of course, subject to the limitation that its issuance will be effectual as a remedy and will not create confusion or disorder. (*Michigan-Grand Building Corp. v. Barrett* (1932), 350 Ill. 291, 306-07; *People ex rel. Hamer v. Jones* (1968), 39 Ill. 2d 360, 368-69.) To employ *mandamus* in the circumstances of the present case as a means to challenge a taxpayer's own assessment is highly unusual, if not in fact unique.

Regardless of whether *mandamus* is an appropriate remedy, the complaint lacks allegations showing the requisite injury to the plaintiffs and a clear right to relief. The complaint fails to allege that real estate taxes on the plaintiffs' property have been extended on the basis of the increased value of $10,900, that the plaintiffs have paid real estate taxes as thus increased, or that the county collector has instituted legal action to collect such taxes. Indeed, the county collector was not even made a party defendant. The plaintiffs also fail to allege that the 1976 assessment exceeds the percentage of fair cash value specified by section 20 of the Act. In the absence of such an allegation of injury the plaintiffs have not stated a claim for relief. *Deal v. Nelson* (1969), 43 Ill. 2d 192, 199-200.

The plaintiffs' conclusion, which is denied by the defendant, that he had no "power or authority" to alter the assessment, and that his action was "null and void," is also wanting in allegations of fact to support it. It is plain from the second sentence of section 46 that the defendant is given some measure of power to alter the assessments in nonquadrennial years, namely the power to "revise" and

to "correct" them. Indeed, the stipulation entered into between the parties states that the defendant, if called as a witness, would testify that the increase was the result of a revision or correction of the 1975 assessment. Regardless of what meaning should be given the terms "revise" and "correct," a question we do not now decide, the complaint is deficient in failing to allege that the 1975 assessment was free from any error of the kind which could validly be corrected pursuant to the second sentence of the section.

The complaint also fails to allege that the plaintiffs exhausted their administrative remedies by filing a complaint with the board of review, or that they were prevented from doing so by fraud, accident, or mistake. See *Budberg v. County of Sangamon* (1954), 4 Ill. 2d 518, 520.

Because of the other infirmities of the complaint already noted, we find it unnecessary to decide whether the complaint is also subject to dismissal because the plaintiffs failed to exhaust their administrative remedies. See, *e.g., People ex rel. Korzen v. Fulton Market Cold Storage Co.* (1976), 62 Ill. 2d 443; *cf. Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350, 358.

The judgment of the circuit court of Marshall County is reversed, and the cause is remanded with directions to dismiss the complaint.

*Reversed and remanded, with directions.*